69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward P. REDDECK, Defendant-Appellant.
 No. 94-4213.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Edward P. Reddeck, appellant, was convicted on twenty-two counts of mail fraud and one count of using a fictitious name. His conviction was affirmed on appeal, United States v. Reddeck, 22 F.3d 1504 (10th Cir.1994); however, his case was remanded to the district court for resentencing. Following the imposition of a new sentence after remand, Mr. Reddeck has brought this appeal acting as his own attorney.
 
 
 3
 Although the only matter over which we have jurisdiction in the record before us is the new sentence imposed by the district court, Mr. Reddeck raises no issues directly related to that sentence. Instead, in a rambling and conclusory string of assertions, he apparently contends he has been a long-standing victim of governmental persecution. In addition to his "brief," he has filed "emergency" motions for various collateral relief including habeas corpus, temporary restraint, and preliminary injunction.
 
 
 4
 Although the nature of Mr. Reddeck's contentions is difficult to understand, we assume he claims the alleged conspiracy to deprive him of his first amendment rights has somehow infected his conviction. That claim is beyond our jurisdiction. Matters pertinent to Mr. Reddeck's guilt or innocence should have been raised in his initial appeal. Having failed to do so, Mr. Reddeck is bound by the court's judgment. See Callanan v. United States, 274 F.2d 601, 605 (8th Cir.1960), aff'd, 364 U.S. 587 (1961). There being no further issues before us, the judgment of the district court is AFFIRMED; all other motions are DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470