UNITED STATES COURT OF APPEALS
**Filed 9/19/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDWARD P. REDDECK,

    Defendant-Appellant,

WILLIS H. GIBSON, Warden,

    Respondent.

No. 96-4031
(D.C. No. 94-CV-849-W)
(D. Utah)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Edward Reddeck, appearing pro se, filed a 28 U.S.C. § 2255 motion to set aside his conviction, which was denied by the district court. We affirm.[1]

Petitioner was convicted in federal court in 1993 of multiple counts of mail fraud, 18 U.S.C. § 1341, and one count of using a fictitious and false name, 18 U.S.C. § 1342, in connection with his operation of a mail-correspondence university. His convictions were affirmed by this court, but the case was remanded to the district court for resentencing. United States v. Reddeck, 22 F. 3d 1504, 1513 (10th Cir. 1994) (Reddeck I). Following resentencing, petitioner filed a pro se appeal, contending "in a rambling and conclusory string of assertions" that he was "a long-standing victim of governmental persecution." United States v. Reddeck, 69 F. 3d 549 (10th Cir. 1995) (table) (Reddeck II). In connection with the appeal, petitioner filed "emergency" motions for various collateral relief, including habeas corpus, temporary restraint, and preliminary injunction. This court affirmed petitioner's conviction, noting claims of an alleged conspiracy should have been raised in his initial appeal and were beyond the court's jurisdiction.

Subsequent to his conviction and initial appeal, petitioner also filed a "Motion for Summary Judgment on Habeas Corpus under 28 U.S.C. 2241 and 2243 and Dismissal of Case for Newly Discovered Evidence and the Statutory Requirements of F.R.CV.P.59(E), 81(6) and 52," but which was properly construed by the district court as a § 2255 motion. See United States v. Scott, 803 F. 2d 1095, 1096 (10th Cir. 1986) (noting challenges to

---

[1] Although not addressed in petitioner's appellate brief, there is a question as to whether he is required to secure a certificate of appealability under the changes made to 28 U.S.C. § 2253 by section 102 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Given that petitioner's claim so clearly fails on its merits, we see no reason to explore whether he should have applied for a certificate of appealability. Assuming such a certificate is required, we grant it.

validity of judgment or sentence arise under § 2255).

On appeal, petitioner claims, as he did in Reddeck II, that his conviction was the result of a conspiracy on the part of state and federal officials. We conclude, as we previously did, that petitioner waived his "conspiracy" claims by not asserting them in Reddeck I. See United States v. Khan, 835 F. 2d 749, 753 (10th Cir. 1987), cert. denied 487 U.S. 1222 (1988). We emphasize that, "[o]nce the [petitioner]'s chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3