**Ee Ah THYE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 51, Docket 96–2088.**

United States Court of Appeals, Second Circuit.

Submitted Aug. 30, 1996.

Decided Sept. 24, 1996.

David C. James, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney for the Eastern District of New York, Alan Vinegrad, Assistant United States Attorney, Brooklyn, New York, on the brief), for Respondent–Appellee.

Ee Ah Thye, Minersville, Pa., Petitioner–Appellant pro se.

Before: KEARSE and MAHONEY, Circuit Judges, and POLLACK, District Judge *.

---

* Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM.

Petitioner Ee Ah Thye, who was convicted of narcotics conspiracy following his plea of guilty, appeals from an order of the United States District Court for the Eastern District of New York, Raymond J. Dearie, *Judge,* denying his petition pursuant to 28 U.S.C. § 2255 to vacate his sentence on the grounds that his rights to a speedy trial and to an immediate deportation hearing were violated. For the reasons below, we affirm.

Preliminarily, we note that as of April 24, 1996, the procedures governing appeals from denials of petitions under § 2255 were amended by the Antiterrorism and Effective Death Penalty Act of 1996, § 102, Pub.L. No. 104–132, 110 Stat. 1217, to, *inter alia,* impose on a would-be appellant the requirement that he obtain from the court of appeals a certificate of appealability determining that he has made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253. Thye's notice of appeal was filed in January 1996, and there is some question as to whether the April 24, 1996 requirement is to be applied retroactively to appeals pending on that date. In *Reyes v. Keane,* 90 F.3d 676, 680 (2d Cir.1996), this Court held that the "substantial showing" requirement imposed by § 2253 as amended is retroactively applicable to appeals from denials of habeas corpus petitions brought under 28 U.S.C. § 2254. The decision in *Reyes* does not answer the retroactivity question with regard to a § 2255 petitioner, however, for the *Reyes* opinion noted that the amendment requiring a certificate of appealability was essentially a procedural amendment, given that prior to the April 1996 amendments a § 2254 petitioner was required to obtain a substantively similar "certificate of probable cause" in order to appeal; in contrast, no such requirement for a certificate had been imposed on a § 2255 petitioner prior to the amendments.

■ In the present case, we note that not only was Thye's appeal pending on the effective date of the amendments, but that both

sides had already filed their briefs addressing the merits. Even assuming that § 2253's new requirement were to be held applicable to some § 2255 appeals filed before the effective date of the amendments, we doubt that Congress meant the amendment to apply to appeals that were fully briefed prior to that date. In assessing whether there was a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253, we would obviously consider the petitioner's already-filed brief on the merits; if that question were answered in the negative, it would *a fortiori* determine the merits of the appeal; if the substantiality question were answered in the affirmative, we would then proceed to consider the merits. Thus, assessing substantiality with respect to a fully briefed appeal either duplicates a decision on the merits or adds to the merits assessment a preliminary layer of inquiry that has no apparent judicial significance. We conclude that the amendments should not be applied retroactively to appeals that were already fully briefed. Accordingly, we address the merits of Thye's appeal.

█ On the merits, we affirm. Thye's speedy trial contention was waived by his entry of a plea of guilty. *See, e.g., Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987); *LaMagna v. United States*, 646 F.2d 775, 778 (2d Cir.), *cert. denied*, 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981). His contention that he was entitled to an immediate deportation hearing is rejected substantially for the reasons stated in Judge Dearie's Memorandum and Order dated January 2, 1996.

We have considered all of Thye's arguments on this appeal and have found them to be without merit. If we had concluded that the § 2253 amendment should be applied retroactively in this case, we would have treated Thye's notice of appeal as a motion for a certificate of appealability, denied the motion for lack of a substantial showing of the denial of a constitutional right, and dismissed the appeal.

The order of the district court is affirmed.