IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20451
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

KEITH ODELL IRBY,
MICHELLE PIERATT IRBY,

                                        Defendants-Appellants.


Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-2186)


November 26, 1996
Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

GARWOOD, Circuit Judge:

    Keith and Michelle Irby appeal the district court's dismissal
of the 28 U.S.C. § 2255 motion filed by Keith Irby.  Because
Michelle Irby is not a party to this suit, her appeal is dismissed;
as to Keith Irby, the district court's judgment is affirmed.

**Facts and Proceedings Below**

    On November 6, 1989, a petit jury convicted the Irbys on

[*]    Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

several counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341, arising out of their operation of a company which provided medical equipment to Medicare recipients.  Keith Irby was sentenced to a 5-year term of supervised probation, a $15,000 fine, and 1,000 hours of community service.  Michelle Irby received a 5-year term of supervised probation, a $7,000 fine, and 500 hours of community service.  These convictions and sentences were affirmed on direct appeal.  *United States v. Irby*, 935 F.2d 1291 (5th Cir. 1991) (*TABLE*), *cert. denied*, 112 S.Ct. 2002 (1992).

Michelle Irby's probationary period was wholly terminated by the sentencing district court on July 10, 1992.  On July 15, 1994, Keith Irby, proceeding *pro se*, filed this section 2255 motion.  The district court subsequently terminated Keith Irby's probationary period on November 5, 1994.  On April 26, 1995, the district court summarily dismissed Irby's section 2255 motion, finding that the proffered claims were "frivolous and/alternatively moot because the defendants are no longer laboring under any order of the court."  A motion for reconsideration was subsequently denied, and Irby timely appeals.[1]

---

[1]   This Circuit has yet to address the effect of the Antiterrorism and Effective Death Penalty of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), and its requirement of a "certificate of appealability" as a precondition to appeal in cases arising under 28 U.S.C. §§ 2254-2255.  28 U.S.C. § 2253(c)(2) (*as amended*). This Circuit has applied the AEDPA amendments retroactively to appeals from persons in *state* custody proceeding under 28 U.S.C. § 2254, *Drinkard v. Johnson*, No. 94-20563, ___ F.3d ___ (5th Cir. Oct. 7, 1996), and has held that the standard for obtaining a COA

## Discussion

We consider at the outset the status of Michelle Irby in this lawsuit. Our review of the record reveals that the original application for relief named as a party and bore the signature of Keith Irby alone. Supplemental filings, however, did name Michelle Irby as an additional complainant, but none of them were signed by her (nor was any other paper filed below so signed). Furthermore, the district court's orders, the notice of appeal, and the briefs filed in this court all treat Michelle Irby as a party to this proceeding, although her signature appears nowhere in the record.

As a general rule, parties who proceed *pro se* are required to sign "every pleading, written motion, and other paper" filed. Fed.

is the same as that which governed pre-amendment the issuance of a "certificate of probable cause." *See also Herman v. Johnson*, No. 96-10367, ____ F.3d ____ (5th Cir. Oct. 10, 1996). Because the antecedent version of section 2253 contained no similar requirement for CPC in section 2255 cases, however, the retroactivity question presented herein is arguably distinguishable from that addressed in *Herman* and *Drinkard*. *See Thye v. United States*, 1996 WL 539132, 96 F.3d 635 (2d Cir. 1996) (holding AEDPA amendments cannot be applied retroactively to section 2255 proceedings). Regardless, we do not reach the retroactivity question in this opinion. Rather, "since the scope and retroactive effect of [the amendments] are far more substantial matters than the merits of [Irby's] appeal, and since the appeal has been fully briefed, we . . . have adjudicated the appeal." *Knecht v. United States*, 1996 WL 570242, *1 (2d Cir. Oct. 4, 1996) (*unpublished disposition*). *Accord, United States v. Reddeck*, 1996 WL 532156 (10th Cir. Sept. 19, 1996). To the extent that current law requires a certificate of appealability, we construe Irby's notice of appeal as an application for COA and grant same as the case has in any event been fully briefed. *Santana v. United States*, 1996 WL 596845 (3d Cir. Oct. 18, 1996). *See also Sherman v. Scott*, 62 F.3d 136 (5th Cir. 1995) (construing notice of appeal as an application for CPC in section 2254 case), *cert. denied*, 116 S.Ct. 1279 (1996).

R. Civ. P. 11(a); *Business Guides v. Chromatic Communications*, 111 S.Ct. 922, 928 (1991).  28 U.S.C. § 2242, however, provides that applications for *habeas* relief may be signed "by the person for whose relief it is intended *or by someone acting in his behalf*." *See also* Fed. R. Civ. P. 3(c) ("A notice of appeal filed pro se is filed on behalf of the party signing the notice and the signer's spouse and minor children, if they are parties, unless the notice of appeal clearly indicates a contrary intent").  Section 2242 is a writ-specific statute which, under Federal Rule of Civil Procedure 81(a)(2), takes precedence over Rule 11(a)'s personal signature requirement.  Thus, given Michelle Irby's tacit inclusion as a party plaintiff in the supplemental petitions filed *a' quo*, her participation in this lawsuit would appear to be proper, assuming, *arguendo only*, that section 2242 was applicable to section 2255 proceedings.  *See Rodriguez v. Holmes*, 963 F.2d 799, 801 (5th Cir. 1992) ("allegations of a *pro se* complaint . . . must be read in a liberal fashion, and however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers") (*quotation marks omitted*) (*citations omitted*).

The Supreme Court has, however, promulgated rules which govern section 2255 proceedings in federal district courts.  Rule 2(b) of these rules provides in pertinent part that applications "shall be signed under penalty of perjury *by the petitioner*," directly conflicting with the more lenient statutory signature standard of

4

section 2242.[2]  Because Rule 2(b) was promulgated under the authority of the Rules Enabling Act, 28 U.S.C. § 2071 *et seq.*, its personal signature requirement supersedes that of section 2242 unless the latter provision can be typified as jurisdictional or embodying a "substantive right."  28 U.S.C. § 2072(b) ("All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect").  *See United States v. Chase*, 18 F.3d 1166, 1171 (4th Cir. 1994); *United States v. Sasser*, 971 F.2d 470, 473 (10th Cir. 1992), *cert. denied*, 113 S.Ct. 1292 (1993); *Griffith Co. v. NLRB*, 545 F.2d 1194, 1197 n.3 (9th Cir. 1976), *cert. denied*, 98 S.Ct. 171 (1977).  Because section 2242's signature requirement addresses only the adequacy of the pleadings filed, we conclude that, even if it would otherwise be applicable to section 2255 proceedings, it is merely a procedural device and therefore displaced by the more stringent directive of Rule 2(b).  *See Henderson v. United States*, 116 S.Ct. 1638 (1996) (service provisions of Fed. R. Civ. P. 4 supersede those of Suits in Admiralty Act); *Hanna v. Plumer*, 85 S.Ct. 1136 (1965) (defining

---

[2]     This provision was added by the 1982 amendment to Rule 2(b). Pub.L. 94-426, § 2(3), (4), Apr. 28, 1982.  The liner notes to Rule 2(b) indicate that the rule was amended to take into account the enactment of 28 U.S.C. § 1746, which provides that when federal law requires that a sworn statement be given in writing the declarant may substitute an unsworn statement, given under penalty of perjury and in the form specified in the statute, in its place.  *See Dickinson v. Wainwright*, 626 F.2d 1184 (5th Cir. 1980); *Carter v. Clark*, 616 F.2d 228 (5th Cir. 1980).

procedural rules, for both Rules Enabling Act and *Erie* purposes, as those regulating practice and pleading).

Moreover, even if a section 2255 petition were deemed to be an application for habeas corpus within the meaning of section 2242, and even if Rule 2(b) were inapplicable, Michelle Irby's petition would not be governed by section 2242, because her sentence had been in all respects completely discharged more than a year before the proceedings below commenced in July 1994. Hence, neither habeas corpus nor section 2255 jurisdiction existed with respect to her conviction and sentence. *Coram nobis* would be the only available avenue of relief for her, *see United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992), and as to it Rule 11(a) would apply and require her signature.

Michelle Irby is not and never has been a party to this lawsuit and accordingly we cannot consider the arguments broached by Mr. Irby on her behalf.

Turning to Keith Irby's application, we note first that the district court erred in alternatively finding that Irby's section 2255 motion was moot. "[T]he federal courts have held that the conditions of parole and probation sufficiently restrain the individual to constitute the 'custody' which is a condition of . . . attacking a sentence under 28 U.S.C. § 2255." *Coronado v. United States Board of Parole*, 540 F.2d 216, 217 (5th Cir. 1976) (*citations omitted*). In addition, the Supreme Court has

interpreted the statutory language to require only that the habeas petitioner be in custody "at the time his petition is filed." *Maleng v. Cook*, 109 S.Ct. 1923, 1925 (1989) (*citation omitted*). Because Irby filed his initial application several months before his probation was terminated, this case is not moot.[3]

The district court also dismissed Irby's application as "frivolous"; accordingly, we must consider the merits of Irby's section 2255 motion. In considering a district court's judgment dismissing a section 2255 motion we review conclusions of law *de novo*. *United States v. Faubion*, 19 F.3d 226 (5th Cir. 1994). Irby's ineffective assistance of counsel claims present mixed questions of law and fact which are also subject to *de novo* review. *Id*.

We first consider Irby's claims that administrative proceedings under the aegis of the Department of Health and Human Services were not admitted into evidence in his criminal prosecution. "Relief under § 2255 is reserved for (1) errors of

---

[3] In *Drobny*, this Court treated claims raised by a federal *habeas* petitioner for the first time on appeal, *after* his parole had ended, under the more stringent standard governing the issuance of a writ of error *coram nobis*. 955 F.2d at 996. In this case a number of Irby's claims were raised via supplemental filings in the district court *after* his probation had terminated. This fact, when considered in light of the *Drobny* court's refusal to relate claims raised after custody had terminated back to the date of original filing, suggests there may be an issue regarding the standard by which we should review a number of Irby's claims. Because we find that Irby's claims fail even under the more lenient section 2255 standard, however, we decline to address this issue.

constitutional dimension and (2) other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a miscarriage of justice." *Faubion*, 19 F.3d at 233 (*citations omitted*). Construed liberally this claim is either one of estoppel or a garden variety evidentiary challenge; in either case, the absence of a cognizable constitutional violation renders it facially defective.

We next consider Irby's allegations that the prosecutor and district judge, both of whom are black, conspired to convict him because he is white. Irby posits that their discriminatory animus is evidenced by government witnesses who testified that the Irbys used racial slurs and consumed drugs, the prosecutor's argument that the Irbys were taking advantage of elderly minority patients, the fact that most of the government doctors who testified against them were non-white, and general commentary which allegedly distorted the evidence. Irby's allegations impugning the trial judge and prosecutor do not even approach what is needed to state a violation of his right to a fair trial. *See United States v. Mizell*, 88 F.3d 288 (5th Cir. 1996) (discussing standard applicable to claim that district judge's conduct deprived defendant of a fair trial); *United States v. Crooks*, 83 F.3d 103 (5th Cir. 1996) (discussing standards governing improper prosecutorial commentary). To the extent that Irby's claim can be read as one of selective prosecution, he has failed to even allege that similarly situated

8

defendants of other races were dissimilarly treated. *United States v. Armstrong*, 116 S.Ct. 1480 (1996). Irby's essentially conclusory allegations in this respect are insufficient to state a claim under section 2255.

We next turn to Irby's claim that his counsel rendered ineffective assistance in violation of the Sixth Amendment. To prevail Irby must demonstrate both that his counsel's performance fell below an objective standard of reasonableness and that but for this deficient performance there is a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 104 S.Ct. 2052 (1984).

Irby complains first that his trial counsel helped "rewrite" the indictment. Irby does not describe the indictment as it supposedly existed prior to rewriting, much less the variations that counsel supposedly introduced. Our review of the indictment reveals that it was sufficient and adequately informed the Irbys of the charges against them. *United States v. Gaytan*, 74 F.3d 545 (5th Cir.), *cert. denied*, 117 S.Ct. 77 (1996). This claim fails.

Irby next challenges trial counsel's decision not to move for a change of venue. Irby does not identify any prejudice in the trial venue; in fact, insofar as he states that "over 100" supporters were kept out of the courtroom by the trial judge, Irby appears to be proclaiming community support. Nor is there anything to suggest that had a change of venue been sought it would have

9

been granted.

Irby claims that trial counsel did not render adequate assistance because he failed to take depositions, call expert physicians, and subpoena witnesses from, *inter alia*, the Department of Health and Human Services in Washington, D.C. Our review of the record indicates that the district court's determination that these decisions were strategic ones, motivated at least in part by a limited budget and reasonable under the circumstances, is not erroneous. *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985). Furthermore, because Irby's filings do not specify how these depositions and witnesses would have furthered his defense he has failed to sufficiently plead the prejudice prong of *Strickland*. *Bridge v. Lynaugh*, 838 F.2d 770 (5th Cir. 1988). This claim also lacks merit.

Irby contends that trial counsel performed deficiently because a defective hearing aid prevented counsel from hearing much of the trial and timely objecting to prejudicial evidence. Irby has not specified the evidence which was admitted without objection, nor has he made any showing that timely objections would have resulted in the evidence being excluded and a different verdict likely being returned. *United States v. Stedman*, 69 F.3d 737 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2512 (1996). Irby's pleadings are insufficient to show entitlement to relief under section 2255.

Irby posits that information regarding plea negotiations, as

10

well as information concerning the government's investigation of the Irbys, was not admitted at trial. Again, Irby's allegations do not indicate that any of this evidence would have been admissible or, if admitted, would likely have resulted in a different outcome. Irby has failed to adequately allege *Strickland*'s prejudice prong. *Stedman*. This claim is meritless.

Irby argues that trial counsel rendered ineffective assistance by failing to procure a tape either recorded by or featuring a government witness, Mair Mayan. Irby has not alleged any particulars regarding the content of that tape, nor has he placed its use in the context of this witness's testimony at trial so that we can gauge its prospective impact. *See United States v. Lauga*, 762 F.2d 1288 (5th Cir.), *cert. denied*, 106 S.Ct. 173 (1985). There is nothing to indicate *Strickland* prejudice.

Irby asserts that trial counsel performed deficiently in failing to adequately cross-examine a number of government witnesses. He contends that Mayan was not available for "further" cross-examination, that Avis Brooks' plea agreement with the government was not exposed on cross, and that Tom Arnold, previously convicted of obstruction of justice, was allowed to testify. Insofar as these claims are not patently frivolous, they fail to set forth the substance of the witness's testimony and the possible impact of any additional cross-examination. *Clark v. Collins*, 19 F.3d 959 (5th Cir.), *cert. denied*, 115 S.Ct. 432

11

(1994).  Thus, this claim must fail.

Finally, insofar as the multitude of oblique references to perceived injustices which dot the landscape of Irby's filings can be construed to constitute claims of ineffective assistance of counsel, we find they lack merit under the *Strickland* analysis.

Nothing in Irby's allegations serves to undermine our confidence in the outcome of his trial.  The district court did not err in summarily dismissing Irby's section 2255 motion.  Rule 4(b), Rules Governing Section 2255 Proceedings.  Accordingly, Irby's complaint that he was denied an evidentiary hearing is without merit.

## Conclusion

For the foregoing reasons, the district court's judgment denying Keith Irby's section 2255 motion is AFFIRMED; the appeal of Michelle Irby is DISMISSED.[4]

---

[4]  Irby also filed in the district court a writ of mandamus, together with certain supplements thereto.  Although so far as we can ascertain the district court never ruled on this mandamus, the papers respecting it were forwarded to this Court together with—but not as part of—the record in this appeal.  The mandamus and related papers are not properly before us, and the clerk is directed to return those papers to the district clerk.

12