William M. **HILL**, Petitioner,

v.

Dennis **STRAUB**, Respondent.

No. 95–72723.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 21, 1997.

William Hill, pro se.

Davison Hunter, Lansing, MI, for Respondent.

**MEMORANDUM OPINION AND ORDER DECLINING TO ADOPT THE MAGISTRATE'S REPORT AND RECOMMENDATION**

EDMUNDS, District Judge.

This matter comes before the court on Plaintiff's objections to the Magistrate

Judge's Report and Recommendation. The Magistrate recommends that this court dismiss the petition without prejudice because the petitioner failed to receive authorization from the Sixth Circuit under the provisions of a newly enacted statute. However, because the petition was filed before the effective date of the statute and the statute is procedural rather than jurisdictional, this court declines to adopt the Magistrate's report and recommendation.

## I. Background

Petitioner Hill is a state prisoner who was convicted of second degree murder and firearm possession following a guilty plea in Detroit Recorder's Court. He was sentenced on March 22, 1978, to life imprisonment. In 1986, 1988, and 1991, this court dismissed previous petitions for writs of habeas corpus. The present petition for a writ of habeas corpus was filed July 17, 1995. After this court granted several motions for extensions of time in which to answer, Respondent filed an answer on April 17, 1996. The matter was referred to Magistrate Judge Komives, who issued the pending report and recommendation, finding that this court does not have subject matter jurisdiction because the petitioner did not receive authorization from the Sixth Circuit as required by the Antiterrorism & Effective Death Penalty Act.

## II. Analysis

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214. As it pertains to the pending case, the law amended the procedure for dealing with second or successive petitions for a writ of habeas corpus. Under the new law's filing requirements:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider that application.

AEDPA § 106(b)(3)(A), 28 U.S.C. § 2244(b)(3)(A). In the pending case, the application was filed in July of 1995, before the effective date of the AEDPA. Presum-ably due to the fact that it was not required until April of 1996, the petitioner did not request an order from the Sixth Circuit authorizing this court to consider the application.

The Magistrate recommends that the petition be dismissed without prejudice because the petitioner has not received the necessary order from the Sixth Circuit. In essence, he believes that this provision of the AEDPA applies to all pending habeas corpus petitions filed prior to the effective date. His viewpoint has received approval from another judge in this district. On October 29, 1996, Judge Rosen entered an order accepting and adopting a virtually identical report and recommendation in *Williams v. Stegall*, 945 F.Supp. 145 (E.D.Mich.1996).

The Magistrate's recommendation is based in large part upon the Supreme Court's holding in *Landgraf v. USI Film Prods., Inc.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The Court noted that statutes conferring or ousting a federal court's jurisdiction are regularly applied to pending litigation, because "jurisdictional statutes speak to the power of the court rather than to the rights and obligations of the parties." *Id.* at 274, 114 S.Ct. at 1502, (quoting *Republic Nat'l Bank v. United States*, 506 U.S. 80, 98–100, 113 S.Ct. 554, 565, 121 L.Ed.2d 474 (1992) (Thomas, J. concurring)). In the Magistrate's view, the AEDPA limits the jurisdiction of a district court to only those petitions which the Court of Appeals has certified meet the requirements of § 2244.

This court disagrees with the Magistrate's interpretation of the Supreme Court's retroactivity jurisprudence. A longstanding principle, affirmed in *Landgraf*, is that laws should rarely be applied retroactively. "[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly...." *Id.* at 265, 114 S.Ct. at 1497 (citations omitted). Although the Court later noted that courts commonly apply jurisdictional laws in a retroactive manner, it also

noted that "the mere fact that a new rule is procedural does not mean that it applies to every pending case. A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime...." *Id.* at 275 n. 29, 114 S.Ct. at 1502 n. 29.

Section 106(b)(3)(A) is more analogous to a filing requirement than it is to a jurisdictional statute. The amendment does not affect the power of a federal court. Instead, it imposes a procedural requirement that petitioners are required to meet before a court is obligated to consider a second or successive habeas corpus petition. The petition in this case had already been filed when the new law was passed. Under the "old regime," the petition was properly filed. The new rule concerning the filing of the petitions does not govern this action.

Further, this court finds that the plain language of the statute provides evidence that Congress did not intend for it to apply to habeas corpus cases already pending in district court. The statute reads, "[b]efore a second or successive application permitted by this section is *filed* in the district court...." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). It was impossible for the petitioner to receive authorization when he originally filed his petition because this statute did not exist. Had Congress intended that all petitioners involved in pending actions for second or successive applications receive authorization from the Court of Appeals, it could have stated so. For instance, the statute could have been written to state that "every petitioner involved in a second or successive petition shall receive ..." Instead, Congress used the phrase "before a second or successive application ... is filed," providing some evidence that the statute is only intended to apply to habeas petitions filed after the effective date. If the Magistrate's ruling is correct, every single person involved in a second or successive habeas corpus case on April 24, 1996, would have been required to receive authorization from the Courts of Appeals. That is a significant administrative burden to impose on those courts, and there is no clear evidence that Congress intended to do this.

Earlier this year, the Supreme Court ruled on the constitutionality of other provisions of AEDPA. *Felker v. Turpin,* —— U.S. ——, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Specifically, the Court held that § 106(b)(3)(E) is constitutional. That section mandates that a Circuit Court's decision on whether to authorize the filing of a second or successive application may not be the subject of a writ of certiorari. In *Felker,* the petitioner filed a motion for leave to file a second or successive federal habeas corpus petition. The filing occurred on May 2, 1996, so the Court was not faced with the issue that this court faces. However, in commenting upon the new requirement of authorization from the court of appeals, the Supreme Court noted in dicta that, "this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b)." *Id.* at ——, 116 S.Ct. at 2340. 28 U.S.C. § 2254 Rule 9(b) states:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abused of the writ.

If, as the Supreme Court states, the true purpose of the new 28 U.S.C. § 2254(b)(3)(A) is to simply transfer the Rule 9(b) determination to the Circuit Courts, it does not constitute a jurisdictional statute. It merely shifts the responsibility of preliminarily screening habeas corpus petitions. Prior to the effective date of the AEDPA, Rule 9(b) determinations were to be made by the district court. Following the effective date, the determinations are to be made by the circuit courts. Since this court already evaluated the sufficiency of the petition under Rule 9(b) when it was filed prior to the effectiveness of the AEDPA, it is unfair to force the petitioner to undergo a second review by the Sixth Circuit.

In his recommendation, the Magistrate noted that no court had published an opinion regarding this issue and relied on other Circuits' rulings on the retroactivity of other sections of AEDPA. However, the Ninth Circuit's ruling in *Williams v. Calderon,* 83 F.3d 281 (9th Cir.1996) is directly applicable.[1] In *Williams,* the petitioner filed a second claim for habeas corpus relief. The petition was filed before the effective date of the AEDPA, and was amended after the effective date. The district court found that it did not have jurisdiction because the petitioner had not obtained authorization from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). The court of appeals reversed and stated:

> We hold that the district court had jurisdiction to entertain Williams's second petition without first obtaining an authorization order from this court under section 2244(b)(3)(A) of the Act, because we treat the entirety of Williams's second petition filed in the district court as having been filed before the Act was signed into law.

*Id.* at 284. In essence, the court held that the authorization requirements did not apply to petitions filed before the effective date of AEDPA.

Also of interest is the Second Circuit's recent ruling in *Thye v. United States,* 96 F.3d 635 (2d Cir.1996). In *Thye,* a prisoner petitioned to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his rights to a speedy trial and an immediate deportation hearing were violated. The petition was filed before the effective date of AEDPA, but the appeal was not determined until after the effective date. In determining whether the petitioner was required to obtain a certificate of appealability in a § 2255 case, the court refused to follow *Reyes v. Keane,* 90 F.3d 676, 680 (2d Cir.1996), in which the court held that AEDPA amendments requiring a § 2254 petitioner to receive a certificate of appealability were retroactive. The court noted that the certificate of appealability was substantively similar to a certificate of probable cause that had previously been required

in order to appeal in a § 2254 case. In the § 2255 context, no such requirement had previously been imposed on a § 2255 petitioner prior to the enactment of the AEDPA. The court held that "[e]ven assuming that § 2253's new requirement [in § 2255 cases] were to be held applicable to some § 2255 appeals filed before the effective date of the amendments, we doubt that Congress meant the amendment to apply to appeals that were fully briefed prior to that date." *Id.* at 637. Therefore, the court held that the AEDPA did not apply retroactively to that case. It is analogous to the present case, because prior to the effective date of AEDPA, a habeas corpus petitioner was not required to receive authorization from the court of appeals before filing a second or successive petition.

In *Burris v. Parke,* 95 F.3d 465 (7th Cir. 1996) (en banc), the court held that other new provisions of the AEDPA did not apply to a habeas corpus petitioner who filed his second petition before the effective date of the act. In *Parke,* the petitioner's first petition challenged only his conviction. The second challenged his death sentence. While appeal was pending on the second case, the AEDPA became effective, and the Seventh Circuit ordered the case be reheard to determine if the act applied to the case. The court held that the application of the act to Burris would attach new legal consequences to events taking place before its enactment, and therefore, it did not apply. *Id.* at 468. The court distinguished *Felker* by noting that the petitioner in that case filed his second petition after the effective date of the act. *Id.* at 469.

In the present matter, the application of the AEDPA to the petitioner would also attach new legal consequences to events taking place before the enactment of the statute. At the time of filing, the petitioner had no reason to believe that he was required to obtain authorization from the court of appeals before filing his petition. This court will not require him to do so now.

---

1. The Magistrate reasoned that *Williams* was not persuasive because it did not analyze the issue in detail and conflicted with Supreme Court retroactivity jurisprudence. For the reasons noted earlier in this opinion, this court disagrees and follows the Ninth Circuit's ruling.

## III. Conclusion

For the reasons stated above, this court declines to adopt the Magistrate's Report and Recommendation.

**SO ORDERED.**