Pratt v. USA                                        CV-97-033-M     04/08/97
                        UNITED STATES DISTRICT COURT

                          DISTRICT OF NEW HAMPSHIRE


David P. Pratt,
        Petitioner,

        v.                                          Civil No. 97-33-M

United States of America,
        Respondent.


                                O R D E R


        Defendant David P. Pratt petitions under § 2255 seeking to

set aside his conviction and sentence on grounds of ineffective

assistance of trial counsel (document no. 1).  28 U.S.C. § 2255.

The petition raises a preliminary issue:  Whether the newly

enacted Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") Pub. L. No. 104-132, 110 Stat. 1218 (April 24, 1996) is

applicable to cases like this, where an earlier habeas corpus

petition was filed before the effective date of the AEDPA.

Section 2255, as amended by AEDPA, requires a petitioner filing a

second or successive petition to obtain an order from the court

of appeals authorizing the district court to proceed.


I.   BACKGROUND

        On November 5, 1992, Pratt was indicted by a grand jury

sitting in the United States District Court in Concord, New

Hampshire, on one count of mailing a threatening communication in

violation of 18 U.S.C. § 876. He was allowed to withdraw his guilty plea, and eventually was tried and convicted before a jury.

On May 15, 1995, this court granted Pratt's first petition for writ of habeas corpus in which he sought relief in the nature of resentencing, for the purpose of restarting the time in which he could file an appeal. In that petition Pratt argued that his trial counsel was ineffective in that he neglected to perfect a timely notice of appeal despite Pratt's telling him that he wanted to appeal. No other claims related to ineffective assistance of counsel were asserted in that first petition. New counsel was appointed for Pratt and, on June 2, 1995, after Judge Loughlin granted his application, Pratt was resentenced, triggering a new period in which to appeal his conviction and sentence.

On September 20, 1995, Pratt did appeal his conviction and sentence. The court of appeals affirmed Pratt's conviction but remanded for clarification of a sentencing factor. On remand, this court held a hearing and issued an explanatory sentencing statement, whereupon the court of appeals affirmed the sentence.

Pratt's pending, or second, petition was filed in this court without authorization from the court of appeals to file a successive petition, as required under § 2255, as amended by the

2

AEDPA.  The second petition raises eight new claims related to ineffective assistance of trial counsel.


II.  DISCUSSION

The government argues that this court is without subject matter jurisdiction over Pratt's second habeas petition.  28 U.S.C. § 2244(b)(3)(A), as amended by AEDPA, provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> Section 2255, as amended, now provides:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .

28 U.S.C. § 2255 (as amended by AEDPA).[1]

The Seventh Circuit has considered the amended provisions in a procedurally similar case, Nunez v. United States, 96 F.3d 990 (7th Cir. 1996) (rehearing and suggestion for rehearing en banc denied Oct. 17, 1996).  Petitioner Nunez's first habeas petition under § 2255 was denied in 1993, well before the effective date of the AEDPA.  On June 27, 1996, after the AEDPA became effective, Nunez filed a second petition, which was denied

---

[1]  See also 1st Cir. Interim Loc. R. 22.2, "Motion to File a Second or Successive Petition Under 28 U.S.C. § 2254 or 2255," establishing procedures for seeking the required prior approval.

because he did not first obtain approval to file it from the court of appeals. Instead of seeking approval at that point, Nunez filed a third petition in the district court, which the district court denied for the same reason. The Seventh Circuit affirmed the district court's ruling and also denied Nunez's implicit application for leave to file a successive petition. Judge Easterbrook wrote:

> From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

Nunez, 96 F.3d at 991. (emphasis in the original); see also Felker v. Turpin, 116 S.Ct. 2333, 2340 (1996) ("this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court . . . ."); cf. Hill v. Straub, 950 F.Supp. 807 (E.D. Mich. 1997).

In this case too, Pratt filed a prior petition before the effective date of the AEDPA and one afterward. There would seem to be no ready argument why the historically "first" petition should not be recognized as such, or why the procedure required

4

by § 2255, as amended, should not apply to Pratt's second petition. The AEDPA requires prior authorization from the court of appeals before the second petition can be filed with or entertained by this court.

It may be that retroactive application of other new and substantive provisions of the amended statute will adversely affect Pratt's rights, duties, or obligations. For example, the amendments to § 2255 would now require him to meet a "clear and convincing" standard in the court of appeals. But those are issues properly raised before the court of appeals when petitioner seeks authorization to file a successive petition in this court. See Landgraf v. USI Film Products, 511 U.S. 244, 280 (1994). One thing is clear — this court may not consider Pratt's second petition until he first meets the filing prerequisites set out in the AEDPA.

III. CONCLUSION

For the foregoing reasons, Pratt's second habeas corpus petition under § 2255 (document no. 1) is dismissed, but without prejudice to his refiling the petition after first complying with the requirements set out in the AEDPA. Accordingly, the clerk of court is directed to close the case.

**SO ORDERED.**

5

_____
Steven J. McAuliffe
United States District Judge

April 8, 1997

cc:  United States Attorney
     United States Probation
     United States Marshall
     M. Kristin Spath, Esq.