**Robert Lee NORRIS, Petitioner,**

v.

**Khelleh KONTEH, Warden Respondent.**

**No. 4:98 CV 3018.**

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 14, 1999.

See also 146 F.3d 314.

**834**

Robert Lee Norris, Marion, OH, pro se.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Petitioner's *pro se* Objection To Magistrate's Report And Recommendation (Dkt.# 14) (hereinafter the "Objection").[1]

Also before the Court for final disposition are two documents filed by Petitioner. On January 25, 1999, Petitioner filed a document (Dkt.# 8) styled "Motion For Order Of Enforcement Directing Respondent ["et al. *Respondents"] To Comply With The Sixth Circuit Mandate Pronounced By [And] Through: *Norris v. Schotten,* at 146 F.3d 314, 1998 Fed App. 0159P (6th Cir.1998) @ Part II, Section G." On January 26, 1999, Petitioner filed a document (Dkt.# 9) styled "Motion To "Stay" Proceedings Pending Resolution Of Interlocutory Appeal."

### I. Procedural and Factual Background

Petitioner is a prisoner in state custody in Ohio who on December 30, 1998 filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt.# 1) (the "instant petition").[2] The instant petition attacked a judgment of conviction and sentence from the Stark County Common Pleas Court, Case No. 92 CR 287, in which

Petitioner was convicted of one count of kidnapping and two counts of rape, and sentenced to an "aggregate total" of 45–75 years in prison and a fine of $30,000.00. *See* Dkt.# 1 at 1.

Prior to the filing of the instant petition, Petitioner had filed a previous petition for a writ of habeas corpus attacking the aforesaid Ohio Court judgment (the "original petition") on July 17, 1995. *See Norris v. Schotten,* 146 F.3d 314, 322 (6th Cir. 1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 348, 142 L.Ed.2d 287 (1998). The Court of Appeals affirmed the judgment of the district court denying the request for habeas relief set forth in the original petition. *Id.* at 321.

On January 28, 1999, the case *sub judice* was referred to Magistrate Judge James S. Gallas for preparation of a report and recommendation ("R & R") pursuant to LR 72.2(b) (Dkt.# 11), which was issued on May 25, 1999 (Dkt.# 13). In the R & R, Magistrate Judge Gallas concluded that "[t]he district court has no jurisdiction over this case pursuant to 28 U.S.C. § 2244(b), which requires prior circuit court leave to file a successive petition." R & R at 1. Magistrate Judge Gallas then stated:

> As evidenced by the attached order of the Sixth Circuit Court of Appeals in Case No. 99–3160 relating to Case 95 CV 1545, Norris had previously sought leave to file his first successive petition which was denied on November 2, 1998 by the circuit court. Consequently, transfer of the petition now before this court pursuant to 28 U.S.C. § 1631 would not be in the interest of justice [footnote omitted]. Norris has had one prior application to file a successive petition turned down, and Norris was well aware of the proper procedure when he filed this second successive petition on

---

1. For some reason unknown to the Court, Petitioner has filed two apparently identical copies of the Objection herein. One was filed on June 4, 1999 (Dkt.# 14); the other was filed on June 7, 1999 (Dkt.# 15).

2. The Court's review of the Docket Report herein indicates that Respondent did not file any opposition or other response to the instant petition.

December 30, 1998 but has contemptuously chosen not to follow § 2244(b)'s directives in an obvious effort to burden the district court.

Accordingly, the petition and the numerous papers filed by Norris should be dismissed.

R & R at 1–2.

## II. Discussion

For the reasons which follow, the Court finds that the Objection is not well-taken, except with respect to Petitioner's claim regarding the monetary penalty or fine he was ordered to pay by the Ohio Court. In focusing upon the precise issue which must be addressed in order to determine the merit of the Objection, this Court notes that "[p]ertinent to this case are the restrictions on second or successive habeas applications, and associated 'gatekeeping' provisions." *Carlson v. Pitcher*, 137 F.3d 416, 418 (6th Cir.1998).

### A. Is the instant petition a second or successive application for a writ?

Because the instant petition was filed subsequent to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the AEDPA applies herein. *See Lopez v. Douglas*, 141

---

**3.** *Cf. Hill v. Straub*, 950 F.Supp. 807–08 (E.D.Mich.1997) (because successive petition for writ of habeas corpus was filed *prior to* effective date of AEDPA, petitioner was not required to comply with the prior authorization requirement of 28 U.S.C. § 2244(b)(3)(A)).

**4.** A "successive" petition is one that raises claims that were raised in a previous petition, whereas a "second" petition is one that raises new claims. The AEDPA, however, does not define what constitutes a "second or successive" application. *See, e.g., Carlson*, 137 F.3d at 418–19; *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).

In any event, it is immaterial whether the instant petition is a "successive" rather than a "second" petition, because 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive" application permitted by § 2244(b)(3)(A) "is filed in the district court, the applicant shall move in the appropriate

---

F.3d 974, 975–76 (10th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 556, 142 L.Ed.2d 462 (1998) ("Since Petitioner filed his second § 2254 petition after April 24, 1996, the effective date of the AEDPA, he was required to comply with the Act's relevant provisions and obtain prior authorization from this court before filing in the district court.").[3]

■■■ Second, Magistrate Judge Gallas correctly concluded that the petition "is clearly successive[4] to the original petition which is adjudicated in *Norris v. Schotten*, 146 F.3d 314 [balance of citation omitted]." R & R at 1. Magistrate Judge Gallas therefore further correctly concluded that "[t]he district court has no jurisdiction over this case pursuant to 28 U.S.C. § 2244(b), which requires prior circuit court leave to file a successive petition." R & R at 1.

Magistrate Judge Gallas correctly determined that Petitioner has failed to comply with the requirement set forth in 28 U.S.C. § 2244(b)(3)(A) that the applicant "shall" move in the appropriate court of appeals for an order authorizing the district court to consider a second or successive application "before" such application is filed in the district court.[5] R & R at 2. The Tenth Circuit explained:

court of appeals for an order authorizing the district court to consider the application."

**5.** 28 U.S.C. § 2244(b)(1) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. Further, § 2244(b)(2) provides that a claim presented in a second or successive application that was *not* presented in a prior application shall be dismissed unless certain conditions are satisfied, or certain showings are made by the applicant. In the case *sub judice*, those conditions have not been satisfied and/or Petitioner has not made the required showings. Consequently, regardless of whether or not the claims asserted in the instant petition were also presented in the original petition, Petitioner cannot avoid dismissal of the claims asserted in the instant petition, for the reason that in the Objection he fails even to allege—let alone prove—that the conditions have been satisfied and/or that he has made the required showings.

Since Petitioner filed his second § 2254 petition after April 24, 1996 ... he was required to comply with the [AEDPA's] relevant provisions and obtain prior authorization from this court before filing in the district court. *He failed to obtain this authorization. Therefore, the district court lacked jurisdiction to decide his unauthorized second petition,* and this court must vacate the district court order [denying the petitioner's motion under Fed.R.Civ.P. 60(b)(6) ].

*Lopez,* 141 F.3d at 975–76 (emphasis added).

In the Objection, Petitioner first lodges his objection "to the magistrate's belief that this court does not have jurisdiction to entertain an action pursuant to 28 U.S.C. § 2254." Dkt.# 14 at 2. However, to the extent that Petitioner was required to comply with the requirement set forth in 28 U.S.C. § 2244(b)(3)(A) that the applicant "shall" move in the appropriate court of appeals for an order authorizing the district court to consider a second or successive application "before" such application is filed in the district court, and to the extent that Petitioner failed to so move, this Court has no jurisdiction to address the petition. Accordingly, to that extent, the objection to Magistrate Judge Gallas' "belief" that this Court lacks jurisdiction for the reason that Petitioner has failed to comply with § 2244(b)(3)(a) is not well-taken.

**B. Does the claim with regard to the monetary penalty or fine constitute a second or successive "application" for a writ?**

▮ The Sixth Circuit has made clear that "every court addressing the issue since AEDPA took effect has held" that "[a] habeas petition filed after a prior petition is dismissed without prejudice for fail-

ure to exhaust state remedies does not qualify as a 'second or successive' application within the meaning of § 2244(b)(1)." *Carlson,* 137 F.3d at 419 (*quoting McWilliams v. State of Colorado,* 121 F.3d 573, 575 (10th Cir.1997)). Similarly, in a decision discussed in *Carlson,* 137 F.3d at 419, the Second Circuit has stated:

Prior to the AEDPA amendments, a petition filed after a previously submitted petition was dismissed without prejudice was not considered an abuse of the writ. The abuse of the writ doctrine is rooted in the need for finality and concerns of comity, *McCleskey v. Zant,* 499 U.S. 467, 491–92, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517 (1991); however, neither concern is implicated when a petition is filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies. *See Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963) (holding that the doctrine of writ abuse is not implicated "if the same ground was earlier presented but not adjudicated on the merits"). In fact, dismissal without prejudice of an entire petition, including exhausted claims, for failure to exhaust certain claims promotes the policies underlying the doctrine. It serves the interest in finality by discouraging piecemeal litigation and encouraging petitioners first to exhaust their state remedies and then to "present the federal court with a single habeas petition." *Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982)....

... Although Congress plainly intended the AEDPA amendments to work significant procedural changes in habeas corpus review, nothing in the legislative history or *Felker* suggests that Congress wished to depart from the long-standing and widely accepted rule dis-

---

However, with respect to the claim asserted in the instant petition concerning Petitioner's monetary fine, due to the disposition of the identical claim by the Sixth Circuit in *Norris,*

146 F.3d at 333, 336, the foregoing analysis does not necessarily apply to that claim, as is more fully discussed *infra.*

cussed above, *that no barrier to habeas review arises from the dismissal of a petition on procedural grounds without prejudice to refiling.*

... We, therefore, hold that a petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a "second or successive" petition within the meaning of § 2244.

For the foregoing reasons, we dismiss as unnecessary the petitioner's motion for authorization to file a petition for writ of habeas corpus in the district court. Petitioner may file his petition with the district court directly.

*Camarano,* 98 F.3d at 46–47 (emphasis added).

In this matter, the Sixth Circuit has previously addressed Petitioner's claim set forth in the petition concerning the monetary penalty or fine imposed by the Ohio Court of Common Pleas. The Sixth Circuit dismissed this claim "without prejudice for failure to exhaust." *Norris,* 146 F.3d at 336.

In order to adjudicate the Objection as it relates to this distinct claim, it is necessary to review in detail the manner in which the Sixth Circuit disposed of this claim during the appeal of the original petition. In this regard, the Sixth Circuit panel stated:

Appellant's last argument relates to the confusing series of nunc pro tunc sentencing entries made by the state trial court. At his sentencing hearing, the trial court imposed on appellant a term of imprisonment of 15–25 years (with 15 actual years) on each of the three counts, to be served consecutively, and a $10,000 maximum fine on each of the three counts. Stark County Tr. Vol. 14 for 9/9/93 at 70. This sentence was reflected in two judgment entries made on September 10, 1993. J.A. at 157, 160 (Ex. B–1) (Found Guilty By Jury And Sentence Imposed Sept. 10, 1993). In other words, as of September 1993, appellant was facing a total of 45–75 years

of imprisonment and $30,000 in fines. For whatever reason, the state court made another judgment entry as of December 27, 1993 with respect to his convictions on Counts One, Two, and Three but this time sentencing appellant only for the kidnapping. J.A. at 162 (Ex. B–2) (J. Entry Nunc Pro Tunc as of Dec. 27, 1993). In October of 1995 several months after appellant filed his habeas petition with the federal courts, the state court entered another judgment sentencing appellant as of August 30, 1995 to 15–25 years imprisonment for each of the three counts to be served consecutively, imposing a $10,000 fine for kidnapping, and imposing a $20,000 fine for each of the counts of rape. J.A. at 169 (Ex. B–3) (J. Entry Nunc Pro Tunc as of August 30, 1995).

We understand appellant's frustration with the disorderly and confusing method by which he was sentenced in state court. However, we agree with the district court that the August nunc pro tunc entry was most likely made in order to eradicate any suggestion by the December 1993 nunc pro tunc judgment entry that appellant's sentences for the two rapes had been dropped. The reason for the December 1993 nunc pro tunc entry is unclear; what is clear is that that entry as it now stands was made in error. Ohio courts may amend a journal entry nunc pro tunc in order to correct any errors so that the final sentencing entry accurately reflects the penalty imposed at the sentencing hearing. *See State v. Greulich,* 61 Ohio App.3d 22, 572 N.E.2d 132, 134 (1988). *We emphasize that appellant cannot expect to benefit from such clerical errors,* especially when there is no valid reason why appellant should think that two rape convictions would carry no sentence.

*Norris,* 146 F.3d at 333 (emphasis added).

Arriving at the crux of the precise issue this Court must decide, the Sixth Circuit *Norris* panel concluded:

We do agree with appellant that the sudden increase in fines from $30,000 in September of 1993 to $50,000 by August of 1995 needs to be explained since a "nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide." *Id.* Yet, with respect to this claim, resort to habeas relief is premature. Appellant does not state that he has exhausted all available state remedies with respect to this claim, and there is no indication in the record that he has taken advantage of all direct and post-conviction remedies. While the general rule is that a petition in its entirety must be dismissed for lack of exhaustion if it contains even one issue which was not properly presented to the state courts, *see Rose v. Lundy,* 455 U.S. 509, 518–20, 102 S.Ct. 1198, 71 L.Ed.2d 379 [parallel citations omitted] (1982), in certain circumstances where doing so would not be in the interest of efficiency and justice, this court may address exhausted claims *and dismiss only those that are unexhausted. See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir.1990); *Cain v. Redman,* 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied,* 503 U.S. 922, 112 S.Ct. 1299, 117 L.Ed.2d 521 (1992).

*Norris,* 146 F.3d at 333 (emphasis added).

The *Norris* panel concluded:

As discussed in Part II.G. *supra,* appellant's claim regarding the apparent increase in the fine component of his sentence is dismissed without prejudice for failure to exhaust. With respect to all of appellant's other claims, for the foregoing reasons appellant's petition for a writ of habeas corpus is denied, and the judgment of the district court is **AFFIRMED.**

*Id.* at 336.

■ On the basis of all of the foregoing, and on the authority of *Carlson,* 137 F.3d at 419, the Court finds and concludes that the claim which Petitioner asserts in the instant petition with regard to the monetary penalty or fine [6], which is the same claim the *Norris* panel dismissed "without prejudice for failure to exhaust," 146 F.3d at 336, does not constitute a "second or successive" *claim* which would constitute a "second or successive" *application* for a writ within the meaning of 28 U.S.C. § 2244(b)(1) *et seq.* Accordingly, Petitioner was not required to comply with the "gatekeeping" provision contained in § 2244(b)(3)(A) that requires an applicant for a habeas writ first to move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See Sanders,* 373 U.S. at 17, 83 S.Ct. 1068. Nevertheless, the Sixth Circuit dismissed this claim on the first go-round, and although Petitioner was not prohibited by § 2244(b)(3)(A) from filing this claim in this Court before first moving for an order from the Sixth Circuit authorizing this Court to consider the "application," *id.,* this Court declines to entertain this claim for another reason.

■ As Magistrate Judge Gallas pointed out in the R & R, Petitioner previously sought leave to file his *first* successive petition in the Sixth Circuit, which was denied on November 2, 1998. R & R at 1. Petitioner then filed in this Court an inappropriate motion for a "prefiling determination" as to whether 28 U.S.C. § 2244(b)(3)(A) would apply to Petitioner regarding a future habeas petition concerning "sentencing errors." *Id.* Thereafter, he filed the instant petition on De-

6. The Court assumes, without deciding, that the claim with regard to the fine asserted in the original petition is the same claim asserted in the instant petition. The Court merely assumes—rather than decides—this for the reason that the language used in Petitioner's *pro se* habeas petitions is so prolix and idiosyncratic, and the claims and arguments made therein are at times so murky or unsupported by any competent authority, as to render his pleadings sometimes very difficult to follow.

cember 30, 1998. He should not have proceeded in this fashion.

The Sixth Circuit has clearly advised Petitioner that his claim regarding the fine was dismissed without prejudice to refiling same pending exhaustion of Petitioner's State court remedies with respect to this claim. Since that time, Petitioner has neither alleged nor proved that he has exhausted these remedies.

Accordingly, this Court concludes, as the Sixth Circuit did, that "with respect to this claim, resort to habeas relief is *premature.*" *Norris,* 146 F.3d at 333 (emphasis added). Consequently, the Court concludes that it lacks jurisdiction to entertain this claim unless and until Petitioner exhausts the available State court remedies. *Id.*

Finally, for the foregoing reasons, The Court adopts the conclusion of Magistrate Judge Gallas that transfer of the instant petition pursuant to 28 U.S.C. § 1631 would not be in the interest of justice.[7]

### III. Conclusion

The Court has reviewed *de novo* the Report and Recommendation of Magistrate Judge James S. Gallas. The Court finds that the Report and Recommendation is well-supported (except for one aspect discussed herein) for the reasons stated herein, and that Petitioner's Objections are without merit.

Therefore, the Report and Recommendation of Magistrate Judge James S. Gallas is hereby **ADOPTED** and Petitioner's Objection (Dkt.# 14 and Dkt.# 15) is overruled. Accordingly, Petitioner's application for a Writ of Habeas Corpus is **DENIED** for the reason that the Court lacks jurisdiction to entertain the application. Further, for the reasons stated in this opinion, the Court hereby **DENIES** the

motions contained in Dkt.# 8 and Dkt.# 9 herein.

Accordingly, this action is dismissed. **Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).**

**IT IS SO ORDERED.**

---

7. It appears also that transfer of the instant petition pursuant to 28 U.S.C. § 1631 would not be in the interest of justice in this case because such transfer would be contrary to 28 U.S.C. § 2244(b)(4), which provides: "A dis-

trict court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."