**UNITED STATES of America, Plaintiff,**

v.

**Elmer VELASQUEZ, Defendant.**

No. 89 CR 73–8.

United States District Court,
N.D. Illinois,
Eastern Division.

July 2, 1996.

James B. Burns, United States Attorney, Stephen Heinze, Assistant United States Attorney, Chicago, IL, for Plaintiff.

Elmer Velasquez, pro se.

### MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

On September 18, 1989, a jury found Defendant Elmer Velasquez ("Velasquez"), a Columbian national, guilty of conspiring with numerous codefendants to possess and distribute multiple kilograms of cocaine in the Chicago area. On January 12, 1990, this Court sentenced Velasquez to 240 months incarceration, to be followed by ten years of supervised release.

Velasquez has served roughly 88 months of his 240–month sentence. He now requests, pursuant to 8 U.S.C. § 1252(h) ("Section 1252(h)"), as amended by the recently passed "Antiterrorism and Effective Death Penalty Act of 1996," that this Court order his immediate deportation prior to the completion of his prison sentence.

■ The government opposes Velasquez's motion on the ground that this Court lacks jurisdiction to order pre-release deportation, as the newly amended Section 1252(h) clearly places the decision-making authority as to whether an incarcerated alien should be deported prior to the completion of his or her sentence with the Attorney General of the United States. This Court accepts the government's position and denies Velasquez's motion.

On April 24, 1996, President Clinton signed into law the "Antiterrorism and Effective Death Penalty Act of 1996"—an act which, among other things, amended 8 U.S.C. § 1252. As amended, Section 1252(h) provides, in pertinent part:

(1) Except as provided in paragraph (2), an alien sentenced to imprisonment may not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be a ground for deferral of deportation.

(2) The Attorney General is authorized to deport an alien in accordance with applicable procedures under this Act prior to the completion of a sentence of imprisonment—

(A) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (i) the alien is confined pursuant to a final conviction for a nonviolent offense (other than alien smuggling), and (ii) such deportation of the alien is appropriate and in the best interest of the United States[.]

■ The plain language of Section 1252(h) indicates that the decision to deport an alien who is a nonviolent offender currently serving a term of incarceration is left to the sole and unfettered discretion of the Attorney General. There is no evidence before this Court that the Attorney General has, in fact, exercised her discretion to seek immediate deportation of Velasquez. In the absence of such a decision by the Attorney General, Velasquez is subject to the express terms of Section 1252(h)(1), which prohibits immediate deportation of Velasquez because his term of

imprisonment has not been terminated by his release from confinement.[1]  *See United States v. De Lo Santo,* 1996 WL 337225, at *1 (E.D.La. June 18, 1996) (denying identical motion for deportation prior to alien's completion of sentence); *United States v. Rivera,* 1996 WL 325735, at *1 (S.D.N.Y. June 12, 1996) (same); *United States v. Loaiza,* 1996 WL 328718, at *1 (D.Or. June 12, 1996) (same); *United States v. Morgan,* 1996 WL 285277, at *1 (E.D.La. May 29, 1996) (same).

While Velasquez contends that this Court "has the authority to order release of any prisoner 'from confinement' at any time for a variety of reasons prior to the completion of the sentence of imprisonment," (Def.Reply Brief p. 3), and that, accordingly, immediate deportation is possible, Section 1252(h)(1) notwithstanding, Velasquez offers no reason other than deportation to justify the early termination of his sentence. Yet, such an exercise of this Court's authority not only would render Section 1252(h)(2) effectively meaningless but would impermissibly contravene the separation of powers limitation embodied in the Constitution. *See United States v. Quaye,* 57 F.3d 447 (5th Cir.1995) (recognizing Congress's long tradition of granting Executive Branch sole power to institute deportation proceedings and holding, as a consequence, that district court lacked power to order deportation); *Morgan,* 1996 WL 285277, at *1 (applying *Quaye* to motion for immediate deportation under Section 1252(h)(2)(a)).

## CONCLUSION

For the foregoing reasons, Velasquez's motion for immediate deportation is denied.

---

**1.** It is important to note that Section 1252(h) does not create a private right of action with which Velasquez can seek to require the Attorney General to exercise her discretion to deport. *See* *Aguirre v. Meese,* 930 F.2d 1292 (7th Cir.1991); *Gonzalez v. U.S. Immigration and Naturalization Service,* 867 F.2d 1108 (8th Cr.1989).