Nicolas FELIX, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 94 Cr. 59 (PKL).

United States District Court, S.D. New York.

July 25, 1996.

Labe M. Richman; Jerry D. Bernstein; Bernstein & Maffeo; and Maurice H. Sercarz, New York City, for Antonio Caesar.

Marion Seltzer, Marion Seltzer; Kenneth D. Wasserman; Marion Adler Seltzer; and Jeremy Schneider, Rothman, Schneider, Soloway, & Stern, New York City, for Nicholas Felix.

Roland Thau, Federal Defenders Services Unit, New York City, for Orlando Almonte.

Tai H. Park, Assistant U.S. Attorney, New York City, for the U.S.

### MEMORANDUM ORDER

LEISURE, District Judge:

Petitioner, *pro se,* moves for an immediate order of deportation pursuant to § 242(h)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(h)(2)(A). For the reasons stated below, the motion is denied.

### BACKGROUND

On June 24, 1994, Nicolas Felix pleaded guilty to Counts One and Three of Indictment 94 Cr. 59 pursuant to a written plea agreement with the Government. *See* Government's Brief in Opposition at 1. Count One charged petitioner with conspiracy to distribute and possess with intent to distribute crack and heroin. Count Three charged petitioner with conspiracy to deal in the sale of firearms. *See id.* at 1 n. 1. Petitioner was sentenced to a term of seventy months' incarceration, a $7,000 fine, and a mandatory $50 special assessment on each count. *See id.* at 1 n. 2. · On March 22, 1996, petitioner filed a motion to remit the $7,000 fine imposed on him. On July 10, 1996, this Court denied the motion. On June 17, 1996, petitioner filed this motion for immediate deportation.

### DISCUSSION

I. *8 U.S.C. § 1252(h)(2)(A) Does Not Provide for a Private Right of Action*

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). Section 438 of the AEDPA amended section 242(h)(2)(A) of the INA by providing the Attorney General the discretion "to deport an alien in accordance with applicable procedures under this Chapter prior to the completion of a sentence of imprisonment" if "the Attorney General determines that (i) the alien is confined pursuant to a final conviction for a nonviolent offense (other than alien smuggling), and (ii) such deportation of the alien is appropriate and in the best interest of the United States." Immigration and Nationality Act, § 242(h)(2)(A), 8 U.S.C. § 1252(h)(2)(A).

■ In essence, petitioner requests that this Court order the Attorney General to exercise her statutorily-granted discretion to deport petitioner before he completes his prison sentence. However, because there is no private right of action under . § 1252(h)(2)(A), petitioner's motion must be denied.

■ Section 1252(h)(2)(A) makes no explicit mention of a private right of action

under the statute. As a result, the Court must determine whether there exists a private right of action implied by the statute. In *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975), the Supreme Court set forth a four-factor test to be used in determining whether a private right of action is implicit in a federal statute. The Court should consider: (1) whether the statute was enacted for the benefit of a special class to which plaintiff belongs; (2) whether there is any indication of legislative intent to create or deny a private right of action; (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff; and (4) whether the cause of action is one traditionally relegated to state law in an area basically the concern of the states. *See id.* The ultimate question, however, is whether Congress intended to create a private right of action. *See Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 2486–87, 61 L.Ed.2d 82 (1979).

■ First, the statute was not enacted for the benefit of criminal aliens. The plain language of § 1252(h)(2)(A) grants the Attorney General a discretionary power, rather than vesting a right in criminal aliens to demand deportation before the completion of their federal incarceration. As the Supreme Court has stated, "there 'would be far less reason to infer a private remedy in favor of individual persons' where Congress, rather than drafting the legislation 'with an unmistakable focus on the benefited class,' instead has framed the statute simply as a general prohibition or a command to a federal agency." *Universities Research Ass'n, Inc. v. Coutu,* 450 U.S. 754, 772, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1981) (quoting *Cannon v. University of Chicago,* 441 U.S. 677, 690–92, 99 S.Ct. 1946, 1955, 60 L.Ed.2d 560 (1979)).

Second, Congress did not manifest any intent to create or deny a private right of action on behalf of criminal aliens in the enactment of § 1252(h)(2)(A). Both the legislative history and the plain language of the statute are silent on this issue. In this situation, the impetus to deny a private right of action is strong. "[I]mplying a private right of action on the basis of congressional silence is a hazardous enterprise, at best." *Touche Ross & Co.,* 442 U.S. at 571, 99 S.Ct. at 2486.

■ Third, a private right of action implicit in § 1252(h)(2)(A) is inconsistent with the underlying purposes of the legislative scheme of the statute. The AEDPA is less concerned with enhancing the rights of criminal aliens, than with, *inter alia,* enhancing the government's ability to deport these aliens. *See* H.R.Conf.Rep. No. 518, 104th Cong., 2d Sess. 118–19 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 953–54. It would be inconsistent under the AEDPA to allow criminal aliens to enforce § 1252(h)(2)(A) when the Act, which amends the section, is not concerned with aiding such aliens.

■ Finally, the deportation of aliens is a federal concern not traditionally relegated to state law. This does indicate that in certain circumstances, it would be appropriate to imply a federal cause of action. However, "[t]his factor alone ... is not of such importance that it indicates that Congress intended to create a private cause of action." *Prieto v. Gluch,* 913 F.2d 1159, 1166 (6th Cir. 1990).

As a result, this Court holds that § 1252(h)(2)(A) does not provide a private right of action and petitioner's motion is denied.

## CONCLUSION

For the reasons stated above, petitioner's motion for an immediate order of deportation pursuant to § 242(h)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(h)(2)(A), is DENIED.

**SO ORDERED.**