UNITED STATES of America, Plaintiff,

v.

Sergio ADAN–TORRES, Defendant.

No. CR–S–92–277–PMP (RLH).

United States District Court,
D. Nevada.

Aug. 16, 1996.

Thomas M. O'Connell, Asst. U.S. Atty., Las Vegas, NV, for plaintiff.

Michael Cherry, Las Vegas, NV, for defendant.

* Editor's Note: David Alan Ezra, United States District Judge for the United States District Court, District of Hawaii, sitting by designation.

1. Specifically, he was found guilty of conspiracy to distribute and possess with the intent to dis-

*ORDER DENYING DEFENDANT'S MOTION FOR IMMEDIATE DEPORTATION PURSUANT TO I.N.S. 242(h) AS AMENDED IN 8 U.S.C. § 1252(h)(2)(A)*

DAVID ALAN EZRA, District Judge.*

Pursuant to Local Rule 78–2, the court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Defendant's Motion for Immediate Deportation Pursuant to I.N.S. 242(h) As Amended in 8 U.S.C. § 1252(h)(2)(A).

## BACKGROUND

Defendant Sergio Adan–Torres ("Defendant") was found guilty of drug felonies in violation of 21 U.S.C. § 841(a)(1) and § 846.[1] On April 15, 1994, Defendant was sentenced to a 120–month term of incarceration. Defendant has presently served 45 months.

The "Antiterrorism Act of 1996," which amended 8 U.S.C. § 1252(h), was enacted on April 24, 1996. The previous version of 8 U.S.C. § 1252(h) provided that "[a]n alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated." 8 U.S.C. § 1252(h). By contrast, the recent amendment to § 1252(h)(2)(A) empowers the Attorney General to seek deportation of a nonviolent alien offender prior to the completion of his sentence of imprisonment. 8 U.S.C. § 1252(h)(2)(A) states:

(2) The Attorney General is authorized to deport an alien in accordance with applicable procedures under this chapter prior to the completion of a sentence of imprisonment—

(A) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (i) the alien is confined pursuant to final conviction for a nonviolent offense (other than alien smuggling) and (ii) such deportation of the alien

tribute a controlled substance, distribution of a controlled substance and aiding and abetting, and possession with the intent to distribute a controlled substance and aiding and abetting.

is appropriate and in the best interest of the United States[.]

On April 26, 1996, Defendant filed a Motion for Immediate Deportation Pursuant to I.N.S. 242(h) As Amended in 8 U.S.C. § 1252(h)(2)(a). The Government filed a Memorandum in Opposition to Defendant's Motion on August 9, 1996.

### DISCUSSION

■ Defendant urges the court to direct his deportation prior to the completion of his 120–month incarceration term pursuant to I.N.S. 242(h) as amended in 8 U.S.C. § 1252(h)(2)(A). The court has not identified any published cases in the Ninth Circuit that interpret 8 U.S.C. § 1252(h)(2)(A).

However, the United States District Courts for the District of Oregon, the Eastern District of Louisiana and for the Southern District of New York have recently addressed similar motions where the criminal defendant sought deportation under 8 U.S.C. § 1252(h)(2)(A). *See United States v. Tito De Lo Santo*, No. CRIM.A. 95–5, 1996 WL 337225 (E.D.La. June 18, 1996); *United States v. Loaiza*, No. CIV. 94–781–FR, No. CR.92–75–5–FR, 1996 WL 328718 (D.Or. June 12, 1996); *United States v. Rivera*, No. 88 CRIM. 204(DNE), 1996 WL 325735 (S.D.N.Y. June 12, 1996); *United States v. Morgan*, No. CRIM.A. 93–491, 1996 WL 285277 (E.D.La. May 19, 1996). All four cases interpret 8 U.S.C. § 1252(h)(2)(A) to grant only the Attorney General the discretionary authority to deport a nonviolent alien offender prior to completion of a sentence of imprisonment. For example, in *Loaiza*, where the defendant applied for immediate deportation as relief for a 151–month term of incarceration, the court found that under 8 U.S.C. § 1252(h)(2)(A) the defendant could only make an application for immediate deportation *to the Attorney General;* the Attorney General alone was authorized to consider deportation of an alien prior to the completion of a sentence. 1996 WL 328718, at *1. Because the defendant had made a direct application to the district court, her motion was denied. Similarly, in *Rivera*, where the defendant sought deportation as relief from a 135–month sentence, the court found that

"the plain language of § 1252(h) indicates that the decision to deport an alien who is a nonviolent offender currently serving a term of incarceration is left to the discretion of the Attorney General." *Rivera*, 1996 WL 325735, at *2. The court reasoned that the statute was devoid of language that suggested a defendant could bring a motion seeking deportation. *Id.* As there was no evidence that the Attorney General wished to exercise her discretion to deport the defendant, the court denied the defendant's motion.

■ *Loaiza* and *Rivera* offer a persuasive interpretation of 8 U.S.C. § 1252(h)(2)(A). The language in § 1252(h)(2)(A) is plain and unambiguous. Section 1252(h)(2)(A) expressly authorizes the Attorney General of the United States discretion to seek deportation of an alien convict before termination of his sentence. As a result, the court need not consider § 1252(h)(2)(A)'s legislative history. *See Farr v. United States*, 990 F.2d 451, 455 (9th Cir.) ("We must follow the plain meaning of the [statute] and need not look to the legislative history where [its] meaning is clear on [its] face."), *cert. denied*, 510 U.S. 1023, 114 S.Ct. 634, 126 L.Ed.2d 592 (1993). Nevertheless, there is no legislative evidence that § 1252(h)(2)(A) creates a private cause of action for a defendant to seek deportation. *See Felix v. United States*, No. 94–CR.59 (PKL), 1996 WL 420157 (S.D.N.Y. July 25, 1996) (utilizing the Supreme Court's four-factor test to determine whether a private right of action is implicit in a federal statute, as enunciated in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975), to hold that § 1252(h)(2)(A) creates no private right of action).

Here, the Defendant, not the Attorney General, is seeking immediate deportation. The Attorney General has not indicated that she wishes to exercise her discretion to deport the Defendant in this case. Government's Response, at ¶ 3. This court holds that Defendant has no private cause of action under 8 U.S.C. § 1252(h)(2)(A). Accordingly, the court DENIES Defendant's Motion for Immediate Deportation Pursuant to I.N.S. 242(h) as Amended in 8 U.S.C. § 1252(h)(2)(a).

*CONCLUSION*

For the reasons stated above, the court DENIES Defendant's Motion for Immediate Deportation Pursuant to 8 U.S.C. § 1252(h)(2)(A).

IT IS SO ORDERED.