**Carlos Archbold SJOGREEN, Petitioner,**

v.

**Janet RENO, et al., Respondents.**

**Civil Action No. 96–1476 (AER).**

United States District Court,
District of Columbia.

Oct. 17, 1996.

Petitioner, Pro Se.

Frank W. Hunger, Assistant Attorney General, Daniel M. McDonell, Assistant Director, Papu Sandhu, Office of Immigration Litigation, Civil Division, Washington, DC, John M. Facciola, Assistant United States Attorney, Washington, DC, for Respondents.

## *MEMORANDUM OPINION AND ORDER*

AUBREY E. ROBINSON, Jr., District Judge.

This matter is before the Court on Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth hereafter, Defendants' Motion is **GRANTED** and the Petition is **DISMISSED.**[1]

Petitioner is an alien presently serving a prison sentence after having been convicted of a federal offense. Although Petitioner's prison sentence has not yet been completed, he claims that he is deportable under the Immigration and Nationality Act. However, the Immigration and Nationality Service ("INS") has yet to issue a final order of deportation against Petitioner. As a result, Petitioner contends that he is unable to qualify for deportation under Section 438 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which earlier this year amended Section 242A(a)(3)(A) of the

---

1. By Order dated September 17, 1996, the Court consolidated the captioned case with 8 other cases that, except for the identity of the individual petitioners, have common questions of fact and law. Pursuant to this Memorandum Opinion and Order, the petition in each case is denied and each action is dismissed.

Immigration and Nationality Act, 8 U.S.C. § 1252.

The amendment to Section 242A(a)(3)(A) granted the Attorney General of the United States power to deport aliens convicted of certain non-violent offenses prior to the completion of their sentences. As amended, Section 438 of the AEDPA gives the authority to the Attorney General to exercise her discretion to deport certain aliens prior to completion of their sentences. Petitioner brings this mandamus action to compel the Attorney General to exercise her discretion to initiate, complete, and effectuate his deportation.

■ Petitioner's reliance on the amended Section 242(A)(3)(A) is misplaced. While the statute gives discretion to the Attorney General to deport certain aliens, it does not obligate the Attorney General to do so. The decision to deport an alien who is a nonviolent offender currently incarcerated "is left to the sole and unfettered discretion of the Attorney General." *United States v. Velasquez*, 930 F.Supp. 1267, 1268 (N.D.Ill.1996); *see also United States v. Silva*, CR No. 91–10344, 1996 WL 464046, at *1 (D.Mass. July 10, 1996) ("The plain language of section 438 reveals that this determination [to deport an incarcerated alien] is left to the discretion of the Attorney General."); *United States v. Santo*, CR.A. No. 95–5, 1996 WL 337225, at *1 (E.D.La.1996) ("Thus, the authority to deport an alien who is a federal prisoner prior to the completion of his sentence of imprisonment is discretionary with the Attorney General of the United States, and depends upon her finding that immediate deportation is in the best interest of the United States."). Accordingly, the statute confers no right, express or implied, on Petitioner to compel the Attorney General to deport him. The Attorney General's failure to exercise her complete discretion does not give rise to any claim by an alien to force deportation. Every court to have addressed this issue has so concluded. *See, e.g., United States v. Lopez*, 938 F.Supp. 481, 483 (N.D.Ill.1996) ("This [provision] clearly is not meant to benefit the incarcerated alien, nor can it in any way be read to infer an intent by Congress that incarcerated aliens be relied upon to enforce the statute—indeed, since the stat-ute merely gives the Attorney General the discretion to deport incarcerated aliens, there is nothing to enforce."); *United States v. Azahuanche*, No. 91 CR 792, 1996 WL 391579, at *1 (E.D.N.Y. June 21, 1996) ("The amendment [to AEDPA] does not give aliens serving prison sentences any right to immediate deportation.... There is no basis to find in the Amendment a private right of action to compel the Attorney General to exercise this discretion.... Congress expressly declined to create a private right of action to compel the Attorney General to discharge her statutory duty to begin deportation proceedings expeditiously. In light of this language, the court concludes that Congress did not implicitly authorize a private right of action to compel the Attorney General to exercise her discretionary power."); *United States v. Casas*, 929 F.Supp. 1317, 1318 (C.D.Cal.1996) ("Under the plain terms of section 1252(h)(2), only the Attorney General may initiate such a deportation. Neither the defendant nor the court can initiate it."); *United States v. Rivera*, No. 88CR.204(DNE), 1996 WL 325735 (S.D.N.Y. June 12, 1996) (noting that "section 1252(h)(2)(A) does not create a private cause of action for a defendant who wishes to expedite his deportation"). Consequently, Petitioner has no statutory basis for compelling the Attorney General to deport him.

■ Moreover, Petitioner also lacks standing to bring a mandamus action to compel the Attorney General to deport him. The Mandamus Act upon which Petitioner relies provides for district court jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a *duty owed to the plaintiff.*" 28 U.S.C. § 1361 (emphasis added). Because Section 438 bestows no duty upon the Attorney General to deport petitioner, Petitioner has no standing to seek a writ of mandamus. *Silva*, 1996 WL 464046 at *2 (noting that because Section 438 gives complete discretion to the Attorney General, "the court concludes that Silva does not have standing to seek mandamus relief for the Attorney General's exercise of her discretionary authority"); *Lopez*, 938 F.Supp. at 482–84 1996 WL 374137 at

*2–3 (noting that because there is no standing under Section 438's sister provision of 8 U.S.C. § 1252(i), there is no standing under the amended Section 438 (codified as amended at 8 U.S.C. § 1252(h)), which must be read in conjunction with Section 1252(i)).

Accordingly, the Court concludes that Petitioner has neither a private right of action under AEDPA nor the requisite standing to seek a writ of mandamus to compel the Attorney General to deport him. Thus, the petition must be denied.

## CONCLUSION

For the foregoing reasons, it is by the Court this 17th day of October 1996,

**ORDERED,** that the Petition for Writ of Mandamus be and hereby is **DENIED;** and it is

**FURTHER ORDERED,** that the case be and hereby is **DISMISSED.**