### UNITED STATES of America

v.

### Arturo Carlos BEDOYA–TABORDA, Defendant.

#### No. 89 Cr. 453 (JSR).

United States District Court,
S.D. New York.

Jan. 21, 1997.

plaintiff's complaint, he can correct it in his amended complaint.

Mary Jo White, U.S. Attorney by Anthony Siano, Asst. U.S. Attorney, White Plains, NY, for Plaintiff.

Arturo Carlos Bedoya–Taborda, Butner, NC, pro se.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Defendant was charged with conspiracy to distribute cocaine and with possession with intent to distribute in excess of 5000 grams of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 2. He pled guilty to both charges before the late Judge Broderick, and was sentenced on July 18, 1990 to ten years' imprisonment, to be followed by a five-year term of supervised release. Defendant now moves the Court to order his deportation prior to the completion of his prison term, purportedly pursuant to 8 U.S.C. § 1252(h)(2)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132 (1996). This statute permits the Attorney General "to deport an alien in accordance with applicable procedures under this Act prior to the completion of a sentence of imprisonment ... [if] the alien is confined pursuant to a final conviction of a nonviolent offense (other than alien smuggling), and ... such deportation of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1252(h)(2)(a).

This Court agrees with Judge Leisure that there is no private right of action under § 1252(h)(2)(A). *Felix v. United States,* 1996 WL 420157 (S.D.N.Y. July 25, 1996). The statute on its face does not provide for a private cause of action, and there is no basis to imply one. *See Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975). The statute was not enacted for the benefit of incarcerated aliens, but rather to facilitate the Attorney General's efforts to deport undesirable aliens and to conserve government resources in the prisons. *See* 141 Cong.Rec. H1586–04, H1595. Further, Congress made plain its intent to place the sole discretion to deport in the hands of the Attorney General. *Id. See also Giddings v. Chandler,* 979 F.2d 1104, 1109 (5th Cir.1992) (discussing the similar deportation provision of 8 U.S.C. § 1252(i)).

For similar reasons, the defendant likewise lacks standing to compel deportation under the Mandamus Act, 28 U.S.C. § 1361, or the Administrative Procedure Act, 5 U.S.C. § 702. When determining whether a party falls within the "zone of interests" protected by a statute, and thus whether standing to sue exists, the "essential inquiry is whether Congress intended for a particular class of plaintiffs to be relied upon to challenge agency disregard of the law." *Clarke v. Securities Indus. Ass'n,* 479 U.S. 388, 399–400, 107 S.Ct. 750, 757, 93 L.Ed.2d 757 (1987). It is clear that in enacting § 1252(h)(2)(A) Congress neither intended to rely upon, nor to benefit, incarcerated aliens. Accordingly, defendant's motion is denied.

SO ORDERED.