Ee Ah THYE, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 755, Docket 96–2594.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 27, 1997.

Decided March 25, 1997.

Ee Ah Thye, pro se, Minersville, PA, for Petitioner–Appellant.

Zachary W. Carter, United States Attorney for the Eastern District of New York, Brooklyn, New York, Peter A. Norling, Alan Vinegrad, Assistant United States Attorneys, for Respondent–Appellee.

Before: WALKER, PARKER and HEANEY,* Circuit Judges.

PER CURIAM.

Petitioner-appellant Ee Ah Thye appeals *pro se* from an order of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge* ) dismissing his motion for an order of immediate deportation pursuant to 8 U.S.C. § 1252(h)(2)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, § 438(a), 110 Stat. 1214, 1275.

■ Appellant was convicted of narcotics conspiracy following his plea of guilty. *See Thye v. United States,* 96 F.3d 635, 636 (2d

Cir.1996). In the present appeal, he argues that the district court erred in denying his motion for a court order compelling the Attorney General of the United States to immediately deport him. While we believe this case is easily decided in the government's favor, we write on the issue because no appellate court has done so and because it is desirable to foreclose this argument as a matter of judicial economy.

Appellant's argument is without merit for two principal reasons. First, whether or not one is to be deported under § 1252(h)(2)(A) prior to completing a prison term is a matter solely within the discretion of the Attorney General; and second, § 1252(h)(2)(A) does not create a private right of action that would allow a party to compel the Attorney General to act, even to exercise the discretion granted to her by the AEDPA. Every district court addressing the issue has reached the same conclusion. *See, e.g, Felix v. United States,* 954 F.Supp. 70, 71–72 (S.D.N.Y.1996); *United States v. Azahuanche,* No. 91 CR. 792, 1996 WL 391579, at *1 (E.D.N.Y. June 21, 1996); *United States v. Herrera,* No. 93 CR. 991, 1996 WL 631719, at *1 (S.D.N.Y. Oct.31, 1996); *Chacon–Castellanos v. Reno,* 943 F.Supp. 26, 28 (D.D.C.1996); *United States v. Lopez,* 940 F.Supp. 920, 922 (E.D.Va.1996).

■ Section 438(a) of the AEDPA amended 8 U.S.C. § 1252(h) to provide the Attorney General with "the sole and unfettered discretion" to deport criminal aliens prior to the completion of their sentence of imprisonment. *United States v. Velasquez,* 930 F.Supp. 1267, 1268 (N.D.Ill.1996). The amendment provides in pertinent part:

(2) The Attorney General is authorized to deport an alien in accordance with applicable procedures under this Act prior to the completion of a sentence of imprisonment—

(A) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (i) the alien is confined ... for a nonviolent offense ..., and (ii) such deportation of the alien

---

* The Honorable Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

is appropriate and in the best interest of the United States[.]

AEDPA § 438(a).

Appellant's contention that he may bring a private suit to enforce the amendment does not come close to meeting the test of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), which requires him to "demonstrate that Congress intended to make a private remedy available" to enforce the amendment. *Suter v. Artist M.,* 503 U.S. 347, 363–64, 112 S.Ct. 1360, 1370, 118 L.Ed.2d 1 (1992). In *Cort,* the Supreme Court set forth the following factors for determining if a private right of action exists:

> First, is the plaintiff one of the class for whose *especial* benefit the statute was enacted,—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

422 U.S. at 78, 95 S.Ct. at 2088 (internal quotations and citations omitted). "The most important inquiry ... is whether Congress intended to create the private remedy sought by the plaintiff[ ]." *Suter,* 503 U.S. at 364, 112 S.Ct. at 1370.

First, there is no indication in the text or legislative history that the AEDPA was enacted to benefit criminal aliens. *See Felix,* 954 F.Supp. at 72; *United States v. Bedoya–Taborda,* 950 F.Supp. 612, 613 (S.D.N.Y. 1997). Section 1252(h)(2)(A) expressly authorizes the Attorney General to deport aliens if deportation is "in the best interest of the United States." This language recognizes no interest on behalf of criminal aliens, much less an enforceable one. Since it does not "benefit [the] particular class," *Universities Research Ass'n v. Coutu,* 450 U.S. 754, 771, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1981), it fails the first *Cort* factor.

Second, there is also not the slightest indication that Congress intended that the provision be enforced through private litigation. Statutory provisions that are phrased as general prohibitions or commands to federal agencies are unlikely to give rise to private rights of action. *Universities Research,* 450 U.S. at 772–73, 101 S.Ct. at 1462–63. If a general prohibition or command is unlikely to give rise to a private right of action, it is even more unlikely that the amendment's discretionary language ("appropriate and in the best interest of the United States") could support finding a private right of action by implication.

Third, a private right of action would be inconsistent with the statutory scheme and underlying purposes of the AEDPA. *See Lopez,* 940 F.Supp. at 922–25. The AEDPA streamlines the ability of the government to deport criminal aliens and explicitly reduces the role of judicial review in the deportation process. *See* AEDPA § 440(a) (amending 8 U.S.C. § 1105a(a)(10) to bar judicial review of a final order of deportation against a criminal alien). Instead of enhancing the process of deportation, a private right of action would impede it.

Although the fourth *Cort* factor (Is the cause of action a matter traditionally relegated to state law so that inference of a federal private right of action would be inappropriate) does not weigh against implying a private right of action in this case, neither does it weigh in its favor. "This factor alone ... is not of such importance that it indicates that Congress intended to create a private cause of action." *Prieto v. Gluch,* 913 F.2d 1159, 1166 (6th Cir.1990); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979).

Accordingly, under the *Cort* test, we easily hold that 8 U.S.C. § 1252(h)(2)(A) creates no private right of action and that appellant's motion was properly denied by the district court.

Appellant also argues that by not deporting him, the Attorney General is unlawfully subjecting him to less favorable prison conditions than those of American prisoners. This argument is without merit. The

Bureau of Prisons has extensive latitude in assigning prisoners to correctional facilities and in assigning them within those facilities once they have arrived. *See United States v. Restrepo,* 999 F.2d 640, 644–45 (2d Cir.1993). It is well within the Bureau's discretion to consider Thye's status as an alien in setting his conditions of confinement. *Id.* Decisions to place a convicted defendant within a particular treatment program or a particular facility are decisions "within the sole discretion of the Bureau of Prisons." *United States v. Williams,* 65 F.3d 301, 307 (2d Cir.1995).

We have considered all of appellant's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is affirmed.