**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angel Meza AISPURO, Defendant–**
**Appellant.**

No. 96–50574.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 25, 1997.*

Decided Sept. 9, 1997.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34-4.

**1134**

Angel Meza Aispuro, Lompoc, California, pro se.

Mary E. Fulginiti, Asst. U.S. Atty., Los Angeles, California, for plaintiff-appellee.

Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.

PER CURIAM:

Angel Meza Aispuro appeals pro se from the district court's denial of his motion for immediate deportation pursuant to section 438 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 8 U.S.C. § 1252(h)(2)(A) (1996), and the Immigration and Nationality Technical Corrections Act of 1994, 8 U.S.C. § 1252a(c)(1) (1996). We have jurisdiction under 28 U.S.C. § 1291. We review questions of law de novo, *see United States v. Gutierrez,* 116 F.3d 412, 415 (9th Cir.1997), and we affirm.

■ The district court lacked jurisdiction to order Aispuro deported because the United States Attorney did not request Aispuro's deportation. *See United States v. Flores–Uribe,* 106 F.3d 1485, 1488 (9th Cir.1997) (holding that under 8 U.S.C. § 1252a(d)(1), redesignated 8 U.S.C. § 1252a(c)(1) in 1996, district court lacked jurisdiction to order deportation absent a request from the United States Attorney with concurrence of the Commissioner of Immigration and Naturalization).

■ Section 438 of the AEDPA amended 8 U.S.C. § 1252(h) to give the Attorney General discretion to deport an alien convicted of a nonviolent offense other than alien smuggling. Section 1252(h)(2)(A) does not create a private right of action that would allow a convicted alien such as Aispuro to compel the Attorney General to deport him. *See Thye v. United States,* 109 F.3d 127, 128–29 (2nd Cir.1997) (per curiam); *see also Cort v. Ash,* 422 U.S: 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975) (establishing test to determine if private right of action exists).

**AFFIRMED.**