UNITED STATES of America,

v.

Roberto CAMPOSANO–BAEZ, Defendant.

No. 03 Cr. 0159(VM).

United States District Court, S.D. New York.

May 12, 2004.

Philip L. Weistein, The Legal Aid Society, Federal Defender's Division, New York City, for Defendant.

Jason Sabot, Special Assistant U.S. Attorney, Mary Jo White, United States Attorney, Criminal Division, New York City, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

Roberto Camposano–Baez ("Camposano–Baez") moves this Court for an order directing his immediate deportation pursuant to 8 U.S.C. § 1231 ("§ 1231"). The Government opposes the motion. For the reasons discussed below, Camposano–Baez's motion is denied.

Camposano–Baez pled guilty before this Court on April 4, 2003 to one count of illegally re-entering the United States after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(b). The Court sentenced Camposano–Baez on December 4, 2003 to 57 months incarceration to be followed by three years of supervised release. He is currently in custody serving this sentence.

Relying solely on § 1231, Camposano–Baez moves this Court to order his immediate deportation on the grounds that he pled guilty to a non-violent offense, and thus, is eligible under this provision to be deported. The relevant portion of § 1231 provides that:

The Attorney General is authorized to remove an alien in accordance with applicable procedures under this Act before the alien has completed a sentence of imprisonment—

(i) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense ... and (II) the removal of the alien is appropriate and in the best interest of the United States;

...

8 U.S.C. § 1231(a)(4)(B). By its express terms, § 1231 grants the Attorney General discretion to remove an alien under certain conditions. Camposano–Baez asks this Court to compel the Attorney General to exercise his discretion.

The Court denies the motion under the Second Circuit's ruling in *Thye v. United States*, 109 F.3d 127 (2d Cir.1997). In *Thye*, the Second Circuit affirmed the district court's denial of the defendant's motion for immediate deportation under § 1231. The Court in *Thye* reviewed the legislative history of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, § 438(a), 110 Stat. 1214, 1275, which amended § 1231, and concluded that the AEDPA does not create a private cause of action for criminal defendants to compel their deportation. *See id.* at 128–30.

The same circumstances exist here. Under the plain language of § 1231 and the controlling precedent in *Thye*, Camposano–Baez may not bring a private action to compel or request the Attorney General to exercise his discretion.

### *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the motion of defendant Roberto Camposano–Baez for an order for immediate deportation is DENIED.

**SO ORDERED.**