09-0176-cr
*USA v. Potoski*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of May, two thousand ten,

PRESENT:
> Guido Calabresi,
> Robert A. Katzmann,
> Barrington D. Parker,
> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> -v.-                                                                                   **No. 09-0176-cr**

Steven Potoski,
> *Defendant-Appellant.*

_____

1

| For Defendant-Appellant: | Peter H. Tilem, Of Counsel, Tilem & Campbell, P.C., White Plains, New York. |
|---|---|
| For Appellee: | Ellen R. Meltzer, Matthew Klecka, Of Counsels, Fraud Section, Criminal Division, U.S. Department of Justice, Lanny A. Breuer, Assistant Attorney General, Criminal Division, *for* Benton J. Campbell, United States Attorney, Eastern District of New York, New York, New York. |

_____

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, AND **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Steven Potoski appeals from a judgment of conviction of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) sentencing him to thirty-one months' incarceration, to be followed by three years' supervised release, and ordering Potoski to pay restitution of $28,064. On appeal, Potoski contends that the district court's sentencing decision was procedurally and substantively unreasonable because the district court purportedly failed to consider the factors set forth at 18 U.S.C. § 3553(a). We assume the parties' familiarity with the facts, procedural history, and issues presented for review.

First, Potoski argues that the district court's sentencing decision was not procedurally reasonable because it failed to consider his history and characteristics, namely his mental illness. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Canova*, 412 F.3d 331, 350 (2d Cir. 2005) (noting a sentencing court's "statutory obligation" to consider the factors detailed in 18 U.S.C. § 3553(a)). Because Potoski did not object below on this ground, we review for plain error. *See*

*United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Under 18 U.S.C. § 3553(c), the sentencing court is to "state in open court the reasons for its imposition of [a] particular sentence." *United States v. Crosby*, 397 F.3d 103, 116 (2d Cir. 2005). However, we do not require "specific verbal formulations . . . to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005).

Here, even though the district court did not cite specifically to § 3553(a), the record makes clear that it considered Potoski's history and background, including his mental illness, in imposing a sentence that was below the advisory Guidelines range. Potoski's voluminous submissions provided the district court with details concerning his childhood, personal life, and mental illness. The district court noted that it was aware of Potoski's "situation" and knew "all about his background." The district court noted that Potoski "has been through a lot of trauma in his life" and stated that it was taking into consideration "everything that has been stated here today, as well as the submissions." The written Statement of Reasons indicates that the district court imposed Potoski's sentence based on "the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)." Moreover, a district court's failure to satisfy § 3553(c)'s "open court" requirement does not constitute plain error if the district court relies on the Presentencing Report ("PSR") and the factual findings contained in it are adequate to support the sentence. *See United States v. Carter*, 489 F.3d 528, 540 (2d Cir. 2007). Here, the district court adopted the PSR, which contained such adequate factual findings.

Second, Potoski argues that the district court's sentencing decision was procedurally unreasonable because it declined to recommend that Potoski be designated to a federal prison camp. *See* 18 U.S.C. § 3553(a)(2)(D). While a sentencing court may recommend the place of imprisonment, *see United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003), whether to place a convicted defendant within a particular facility is within the sole discretion of the Bureau of Prisons, *see Thye v. United States*, 109 F.3d 127, 130 (2d Cir. 1997). The district court's failure to make a non-binding recommendation does not constitute an abuse of discretion under the facts presented here. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, Potoski argues that this Court cannot review his sentence for substantive reasonableness because the district court did not make adequate findings. However, as discussed *supra*, the district court's consideration of, and reliance on, the § 3553(a) factors are evident from the record, which satisfies us that the sentence falls well within "the range of permissible decisions." *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir. 2008).

## CONCLUSION

We have considered the remainder of Potoski's arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

For the Court:
Catherine O'Hagan Wolfe, Clerk

4