**UNITED STATES of America**

v.

**Carlos Alberto DAZA–MOSQUERA, Defendant.**

**No. S2 05 CR. 965 (VM).**

United States District Court, S.D. New York.

Feb. 3, 2011.

Daniel Lawrence Stein, U.S. Attorney's Office, SDNY, New York, NY, for United States of America.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Carlos Alberto Daza–Mosquera ("Daza–Mosquera") filed this pro se motion requesting his immediate deportation pursuant to section 242(h)(2)(A) of the Immigration and Nationality Act, codified as amended in 8 U.S.C. § 1252(h)(2)(A). On June 21, 2006, Daza–Mosquera was arrested by Colombian authorities, pursuant to an extradition request from the United States, and arrived in this District on January 11, 2008. On May 5, 2009, Daza–Mosquera pleaded guilty to Count One of the Indictment, which charged him with conspiring to import heroin and cocaine into the United States, in violation of 21 U.S.C. § 963. On September 11, 2009, the Court sentenced Daza–Mosquera to a term of imprisonment of 72 months and three years of supervised release.

Section 1252(h) of Title 8 of the United States Code, as amended by § 438 of the Antiterrorism and Effective Death Penalty Act of 1996, provides as follows:

> (2) The Attorney General is authorized to deport an alien in accordance with applicable procedures under this Act prior to the completion of a sentence of imprisonment—
>> (A) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (i) the alien is confined pursuant to a final conviction for a non-violent offense ... and (ii) such deportation of the alien is appropriate and in the best interest of the United States.

On its face, the statute is clear that it empowers the Attorney General with discretion to deport an alien prior to the completion of a sentence of imprisonment. However, the statute does not require the Attorney General to exercise such power, and nothing in it provides the courts authority to direct the Attorney General to take such action. *See Thye v. United States,* 109 F.3d 127, 128 (2d Cir.1997) (per curiam) (denying inmate's motion for immediate deportation, and holding that "whether or not one is to be deported under § 1252(h)(2)(A) prior to completing a prison term is a matter solely within the discretion of the Attorney General").

Furthermore, 8 U.S.C. § 1231(a)(4)(D) expressly denies incarcerated inmates a private right of action to compel their deportation. The statute provides that "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). Therefore, Daza–Mosquera has no private right of action to compel his deportation. *See United States v. Marin–Quintero,* 570 F.Supp.2d 509, 509 (S.D.N.Y.2008); *Loaiza v. INS,* No. 98 Civ. 1112, 1998 WL 863126, at *2 (E.D.N.Y. Dec. 8, 1998).

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Carlos Alberto Daza–Mosquera under section 242(h)(2)(A) of the Immigration and Nationality Act, codified as amended in 8 U.S.C. § 1252(h)(2)(A), for immediate deportation (Docket No. 304) is DENIED.

**SO ORDERED.**