**Bhupendra K. SHAH, Plaintiff–Appellant,**

v.

**NEW YORK STATE OFFICE OF MENTAL HEALTH, The Nathan Kline Institute for Psychiatric Research, Defendants–Appellees.**

No. 12–3068–CV.

United States Court of Appeals, Second Circuit.

May 3, 2013.

Bhupendra K. Shah, Pearl River, NY, pro se.

Bethany A. Davis Noll, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Richard Dearing, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Appellees.

PRESENT: RALPH K. WINTER, GUIDO CALABRESI and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Appellant Bhupendra K. Shah, proceeding pro se, appeals from the district court's sua sponte dismissal of his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Shah is no stranger to this court: this is the most recent iteration of a lawsuit he began in 1992 seeking redress for his al-

legedly unlawful firing by defendants in 1983 and their subsequent failure to rehire him.[1] *See Shah v. N.Y. State Dep't of Civil Serv.*, 17 F.3d 390 (2d Cir.1993) (unpublished table decision) (affirming dismissal of Shah's 1992 complaint); *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610 (2d Cir.1999) (affirming dismissal of part of Shah's 1994 complaint); *Shah v. N.Y. State Dep't of Civil Serv.*, 341 F. App'x 670 (2d Cir.2009) (affirming grant of summary judgment to defendants on remainder of Shah's 1994 complaint). His previous lawsuits concerned defendants' actions from 1973 to 1994, while the instant suit covers defendants' actions from 2005 to 2010.

Shah alleges that between October 13, 2007 and October 12, 2010, NKI hired eighteen research scientists. Shah argues that because his application had been on file at NKI since 1995 and his employment record shows that he was qualified for these research scientist positions, each instance where someone else was hired was a "discriminatory act of non-hiring of the plaintiff," in violation of Title VII and the Equal Protection Clause of the United States Constitution. On June 28, 2012, the district court dismissed sua sponte Shah's claims as barred by res judicata, holding that the decision in *Shah v. New York State Department of Civil Service*, No. 94 Civ. 9193, 2001 WL 839986 (S.D.N.Y. July 25, 2001), determined the law of the case, as Shah's new claims were based on the same transactions or occurrences as those alleged in his prior complaints.

■ We review de novo a district court's sua sponte dismissal of a complaint, *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004), and its application of the doctrine of res judicata, *Joseph v. Athanasopoulos*, 648 F.3d 58, 61 (2d Cir.2011).

To the extent Shah repeats his allegations of discriminatory and retaliatory treatment between 1973 and 1994, the district court correctly held that his claims were barred by res judicata, for substantially the same reasons stated on the record. However, to the extent that Shah alleges new discriminatory and retaliatory behavior by defendants since the filing of his last complaint, these claims have not been previously adjudicated and are not barred by res judicata.

While the legal theories alleged may be similar, even identical, Shah's new complaint alleges discrimination and retaliation occurring in the twenty-first century, after his previous lawsuit was dismissed, while his previous lawsuit concerned actions taken before 2000. Claims arising subsequent to a prior action that could not have been brought in that prior action "are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same course of conduct." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir.2003) (internal quotation marks omitted). " 'While the [prior] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.' " *Id.* (alteration in original), quoting *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

■ We nevertheless affirm the district court's dismissal of Shah's discrimination and retaliation claims, not on res judicata grounds, but for failure to state a claim. *See Adeleke v. United States*, 355 F.3d 144, 147 (2d Cir.2004) (noting appellate court's ability to "affirm a judgment on any

---

1. Shah worked at the Nathan Kline Institute for Psychiatric Research ("NKI"), which is operated by the New York State Office of Mental Health.

ground that finds support in the record"), citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998). Shah's allegations of discrimination and retaliation are based solely on the fact that NKI has hired many people since 2007, but not him. Shah's complaint makes no allegation as to what positions these others were hired for or whether Shah was qualified for or actively applied for these positions; the complaint alleges only that he has had an application "on file" since 1995. Shah pleads no facts from which we could plausibly infer that NKI's refusal to rehire him results from any discriminatory or retaliatory motive, and his claim therefore does not meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

■ Shah also argues that NKI hired five non-citizens as research scientists on H–1B visas between 2005 and 2010 without advertising the positions or making a good faith effort to hire qualified United States citizens, in violation of § 212(a)(5)(A) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(a)(5)(A). Shah has no standing to assert this claim because he has not met his burden of "demonstrat[ing] that Congress intended to make a private remedy available" to enforce § 212(a)(5)(A) and its accompanying regulations. *Suter v. Artist M.*, 503 U.S. 347, 363, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992), citing *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Section 212(a)(5)(A) states that an alien "who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor" has made certain certifications. 8 U.S.C. § 1182(a)(5)(A). "Statutory provisions that are phrased as general prohibitions or commands to federal agencies are unlikely to give rise to private rights of

action," *Thye v. United States*, 109 F.3d 127, 129 (2d Cir.1997), and there is no indication that Congress intended to create a private remedy for domestic workers who were passed over by employers in favor of alien workers. *See United States v. Richard Dattner Architects*, 972 F.Supp. 738, 746 (S.D.N.Y.1997) (finding no private right of action to enforce INA's labor certification requirement); *cf. Lopez v. Arrowhead Ranches*, 523 F.2d 924, 926 (9th Cir. 1975) (finding no private right of action for domestic workers alleging that employers were illegally employing aliens, under different section of INA); *Flores v. George Braun Packing Co.*, 482 F.2d 279, 279 (5th Cir.1973) (same); *Chavez v. Freshpict Foods*, 456 F.2d 890, 893–94 (10th Cir. 1972) (same). We therefore dismiss the claim for lack of standing.

Finally, Shah's conclusory allegation that the district court was biased against him is unsupported by the record. Adverse rulings do not demonstrate bias, absent a showing of a "high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**