Antonio **MEDEROS**

v.

**MURPHY, et al.**

**Civil Action No. 09–CV–10999–RGS.**

United States District Court,
D. Massachusetts.

Sept. 15, 2010.

name an[d] date and times associated with the files." (Gov't Ex. 32 at 3.)

Ian Gold, Federal Public Defender Office, Boston, MA, for Petitioner.

James J. Arguin, Office of the Attorney General, Boston, MA, Jennifer L. Sullivan, Office of the Attorney General, Worcester, MA, for Respondent.

*ORDER ON REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND MOTION TO STAY*

STEARNS, District Judge.

As I agree with the substance of the Report of Magistrate Judge Dein, her Rec-

ommendation is ADOPTED and the petition is DISMISSED with prejudice. The Clerk will enter judgment accordingly and close the case.[1]

SO ORDERED.

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 AND PETITIONER'S REQUEST FOR SCHEDULING ORDER

DEIN, United States Magistrate Judge.

## I. INTRODUCTION

### Motion to Dismiss

The petitioner Antonio Mederos ("Mederos") was adjudicated to be a Sexually Dangerous Person ("SDP") on October 15, 2003 following a jury trial, and was committed to the Massachusetts Treatment Center at Bridgewater pursuant to Mass. Gen. Laws ch. 123A. At the time of this adjudication, there was an outstanding order of deportation issued by an Immigration Judge ordering that Mederos be deported to Cuba. Mederos brought a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 raising two related claims: (1) that the state lacked jurisdiction to initiate civil commitment proceedings because he was subject to a federal removal order, and (2) that the Massachusetts Superior Court violated federal immigration law when it acted upon the Commonwealth's SDP Petition to commit him in light of the outstanding removal order. These claims were rejected by the Massachusetts Appeals Court in an unpublished Memorandum and Order pursuant to Rule 1:28. *Commonwealth v. Mederos*, No. 07–P841, 71 Mass.App.Ct. 1123, 885 N.E.2d 175, 2008 WL 1958004 (Mass.App.Ct. May 7, 2008).

The Respondents filed a Motion to Dismiss (Docket No. 8), which Mederos opposed. (Docket No. 17). In their motion, the Respondents contend that the habeas petition should be dismissed because Mederos' claims are not cognizable under 28 U.S.C. § 2254, and because the state court's exercise of jurisdiction over the civil commitment proceedings was proper. While this court concludes that Mederos' claims were appropriately brought under 28 U.S.C. § 2254, this court agrees that the existence of the removal order did not preclude Mederos' commitment as an SDP. Therefore, and for the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Respondents should prevail on the merits of their Motion to Dismiss.

### Request for a Scheduling Order

On April 21, 2010, while the Motion to Dismiss was pending, this court appointed counsel for Mederos. In lieu of supplementing the opposition to the Motion to Dismiss, on August 20, 2010, counsel filed a document entitled "Status Report and Request for a Scheduling Order." (Docket

---

**1.** Plaintiff's Request for a Scheduling Order (Dkt. # 21) to permit pursuit of a purportedly unexhausted claim is DENIED. This case is not one of the "limited circumstances" in which "stay and abeyance" is available. *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). This is not a mixed petition (as was the case in *Rhines*). Rather, it is an attempt to import an entirely new claim into a petition all claims of which have been exhausted. Nor is there any aspect of the new claim that is so novel or unrelated to the substance of the petition that it could not have been brought earlier. To allow a petitioner to stay an exhausted petition in order to bring a new one on the back of the old would "undermine[] AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.*

No. 21). Therein, counsel seeks time to explore an admittedly unexhausted claim in the state courts. Specifically, counsel for Mederos contends that it appears that persons under deportation orders who have been committed under Mass. Gen. Laws ch. 123A may be categorically precluded from participating in the Community Transition House and the Community Access Program at the Massachusetts Treatment Center. Since counsel understands that "[a] civil committee cannot be administratively released without being accepted into and successfully completing residence at the Community Transition House, and being recommended for release by an internal body called the Community Access Board," barring persons under deportation orders from participating in these programs would prevent them from ever being released, in violation of their constitutional rights. *See* Docket No. 21 at 4. Counsel seeks 45 days to further explore this potential issue and to prepare a motion to stay the instant proceedings to allow Mederos time to exhaust the claim in state court. *Id.*

■ Consideration of this potential claim would render Mederos' habeas petition a "mixed petition" containing both exhausted and unexhausted claims. In such a situation, the federal court either should stay the matter to enable the petitioner to pursue his remedies in state court or, if a stay is not warranted, the court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." *Jones v. Bock,* 549 U.S. 199, 222, 127 S.Ct. 910, 924–25, 166 L.Ed.2d 798 (2007) (internal quotation omitted). For the reasons detailed herein, this court concludes that the exhausted claims are without merit. Therefore, the issue before this court is whether Mederos should be granted time to request a "stay and abeyance" whereby

"petitioner would receive a stay in his federal habeas case, permitting him to return to state court to complete the requirements for exhaustion on any unexhausted claims, and he could subsequently return to federal court to pursue his habeas claims." *Clements v. Maloney,* 485 F.3d 158, 169 (1st Cir.2007). In *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that this procedure would be appropriate where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court," the "unexhausted claims are potentially meritorious" and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277–278, 125 S.Ct. at 1535. The Court further noted that stay and abeyance "should only be available in limited circumstances." *Id.* at 277, 125 S.Ct. at 1535.

■ In the instant case, denial of petitioner's access to the programs did not occur until after the challenged state court proceedings which resulted in his commitment. Therefore, this issue could not have been exhausted at the time he filed his habeas petition. At this point, counsel is still assessing whether to pursue the claim, so it is premature to determine whether the claim is potentially meritorious. Nevertheless, on its face, the claim raises a serious question that is appropriate for counsel to explore. There is no indication in the record that Mederos has engaged in any intentionally dilatory tactics.

For these reasons, this court would allow counsel 45 days to decide whether to present a motion to stay to the court. Therefore, this court's recommendation that the pending Motion to Dismiss (Docket No. 8) be allowed is subject to the District Judge's decision regarding the motion for a scheduling order.

## II. STATEMENT OF FACTS REGARDING MOTION TO DISMISS

The balance of this Report and Recommendation relates only to the Motion to Dismiss. (Docket No. 8).

The state trial and appellate courts' findings of fact are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Gunter v. Maloney*, 291 F.3d 74, 76 (1st Cir.2002); *Rashad v. Walsh*, 300 F.3d 27, 35 (1st Cir.2002). Unless otherwise indicated, the following facts are not in dispute.

### Mederos' Immigration Status

The Massachusetts Appeals Court described Mederos' immigration status as follows:

> The record presented to us shows that on June 1, 1999, Mederos was given a notice to appear before an immigration judge. The notice stated that Mederos, a native of Cuba, an "arriving alien" since June 1, 1980, was deportable because he had been convicted in the Lynn District Court on October 29, 1992, for indecent assault and battery on a child under fourteen. An order of an immigration judge followed on July 25, 2001, stating that Mederos was ordered removed to Cuba, and his application for deferral of removal was denied. With the exception of the information in the margin, nothing in this record appears concerning any further action by federal authorities.*
>
> FN* In a trial memorandum, Mederos claims that on August 18, 2003, he wrote to the immigration judge "bringing to his attention the fact that he had not been deported," and that the judge entered an order "stating that the State [c]ourt had no authority to override his deportation order." These materials do not appear in our record.

*Commonwealth v. Mederos*, 2008 WL 1958004 at *1 (internal record citations omitted). Mederos takes exception to the Appeals Court statement in the footnote quoted above that materials were not in the record. *See Petitioner's Reply to Respondent's Motion to Dismiss* (Docket No. 17) ("*Pet. Reply*") at 1. In connection with his habeas petition Mederos has attached what appears to be a copy of a handwritten letter from him to Justice Leonard Shapiro of the Immigration Court. On the letter is the handwritten notation:

> 9–3–03. The state court cannot override my deportation order. If the Immigration Bureau cannot deport you, you should request a hearing to determine whether or not you should be released from custody. Judge Shapiro

*Exs. to Pet. Reply* (Docket No. 17–2) at p. 12 of 31. According to another document Mederos has submitted, on September 23, 2003 he again wrote to Justice Shapiro asking his assistance in getting deported. There is a handwritten notation which reads as follows:

> 10/2/03. Perhaps I misunderstand. If you are currently serving time because of a Federal or State conviction the INS will not take you into custody for deportation until you have completed your sentence or have been otherwise released by the State or Federal prison. Once you have been taken into custody by INS my deportation order should be enforced.
>
> Judge Shapiro

*Id.* at p. 13 of 31.

### Mederos' Commitment as an SDP

On October 29, 1992, Mederos was convicted in Lynn District Court of indecent assault and battery on a child under the age of fourteen. *Commonwealth v. Mederos*, 2008 WL 1958004, at *1. This was the conviction which led to the immigration

proceedings and eventual order of removal discussed above. *Id.* While he was incarcerated on the District Court conviction, Mederos was charged in Superior Court with rape and abuse of a child under sixteen and indecent assault and battery on a person fourteen or older. *Id.* Mederos pled guilty to both charges on March 27, 2000 and was sentenced to a prison term which was to be served on and after the sentence he was serving. *Id.* His sentence was to end on January 14, 2003. *Id.*

As noted above, on July 25, 2001, the Immigration Judge ordered Mederos removed to Cuba and his application for deferral of removal was denied. On December 19, 2002, the Commonwealth filed a timely SDP Petition pursuant to Mass. Gen. Laws ch. 123A. *Id.* A jury trial was held, and on October 15, 2003 Mederos was adjudged a sexually dangerous person. *See Memorandum of Law in Support of Respondents' Motion to Dismiss* (Docket No. 9) (*"Resp. Mem."*) at Ex. B (Docket No. 11). He was subsequently committed to a term of one day to life in the Massachusetts Treatment Center in Bridgewater, Massachusetts. *Id.*

Mederos appealed, claiming that "the Superior Court was without jurisdiction to consider the Commonwealth's petition which initiated the commitment proceedings in December, 2002, because he claims at that time he was subject to a deportation order of a Federal immigration judge." *Commonwealth v. Mederos,* 2008 WL 1958004, at *1. The appeal was denied, with the Appeals Court concluding that Mederos had "fail[ed] to show that he will be deported to Cuba and fail[ed] to show that Federal immigration laws preempt our civil commitment procedure." *Id.* at *2. The Massachusetts Supreme Judicial Court denied Mederos' request for further appellate review on June 25, 2008. *Commonwealth v. Mederos,* 451 Mass. 1108, 889 N.E.2d 435 (2008) (Table). Mederos filed his timely petition for a writ of habeas corpus on June 11, 2009.

Additional facts will be provided below where appropriate.

## III. *DISCUSSION*

### A. *Availability of Relief Under 28 U.S.C. § 2254*

As an initial matter, the Respondents argue that the habeas petition should be dismissed because it fails to raise a federal constitutional claim. They have cited no cases on point, and this court declines to recommend the dismissal of the petition on this basis.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Thus, "the purpose of federal habeas corpus review is to ensure that individuals are not imprisoned in violation of the Constitution." *Burks v. Dubois,* 55 F.3d 712, 715 (1st Cir.1995) (citing *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993)). Moreover, "habeas review is available to check violations of federal laws when the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley,* 512 U.S. 339, 348, 114 S.Ct. 2291, 2297, 129 L.Ed.2d 277 (1994) (internal punctuation and citation omitted).

In the instant case, Mederos contends that he is being held as an SDP without any authority, because the state court lacked jurisdiction to entertain the Commonwealth's petition seeking to adjudicate him as a sexually dangerous person. It is well established that "[w]hile commit-

ment proceedings under c. 123A are civil proceedings, the potential deprivation of liberty to those persons subjected to these proceedings mandates that due process protections apply." *Commonwealth v. Bruno*, 432 Mass. 489, 502, 735 N.E.2d 1222, 1232 (2000) (internal quotation and citation omitted). A liberal reading of this *pro se* habeas petition supports the conclusion that Mederos is arguing a violation of his Fourteenth Amendment right to substantive due process as a result of his commitment without sufficient basis. *See Resp. Mem.* at Ex. C (Mederos' Brief to the Massachusetts Appeals Court) (Docket No. 12) at 3 ("civil commitment constitutes an unlawful deprivation of Mr. Mederos' right to due process, because his status as an alien subject to an immigration detainer until his deportation order is acted upon places him outside the scope of individuals who may properly be subject to civil commitment pursuant to M.G.L. c. 123A"). *See also Young v. Murphy*, 615 F.3d 59, 60 (1st Cir.2010) (habeas corpus petition raised issue whether jury verdict adjudicating petitioner as an SDP violated "his Fourteenth Amendment right to substantive due process because it authorizes his commitment without proof that he suffers from a sufficiently serious mental impairment"). Therefore, this court finds that Mederos has raised a claim of violation of his federal constitutional rights, and that a habeas petition pursuant to 28 U.S.C. § 2254 is the appropriate vehicle to raise such a claim.

### B.  *Merits of the Petition*

A writ of habeas corpus may not issue unless the adjudication by the state court either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreason-

able determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In the instant case, the Respondents contend that the habeas petition should be dismissed because the Superior Court properly exercised its jurisdiction to initiate civil commitment proceedings despite the order of deportation. This court agrees.

■ Mederos' argument is premised on his contention that ICE had an obligation to enforce the order of deportation. *See Pet. Reply* (Docket No. 17) at 3–4. This, in fact, is not the case. While an order of removal had been entered, ICE had made no attempt to actually effectuate the order, and it was not obligated to do so. Rather, it is well-established that ICE "may decline to institute proceedings, terminate proceedings, or decline to execute a final order of deportation." *Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 484, 119 S.Ct. 936, 944, 142 L.Ed.2d 940 (1999). Moreover, an alien has no right to demand that ICE exercise this discretion. *Carranza v. INS*, 277 F.3d 65, 71–72 (1st Cir.2002). As a result, a convicted felon cannot compel the United States to immediately deport him before his sentence is served. *Thye v. United States*, 109 F.3d 127, 128 (2d Cir.1997) (under 8 U.S.C. § 1252(h)(2)(A), whether or not one is to be deported prior to completing a prison term is a matter solely within the discretion of the Attorney General, and there is no private right of action to compel the Attorney General to exercise his/her discretion). In sum, as the Respondents argue, "[t]he fact that Petitioner is subject to deportation does not guarantee Petitioner's removal to Cuba or otherwise eliminate the Commonwealth's need to keep a lawfully adjudicated sex offender confined to a secure facility." *Resp. Mem.* (Docket No. 9) at 4.

Mederos' argument is further premised on his contention that the state court was improperly ignoring a final order of deportation and was violating Immigration Judge Shapiro's notation that the "state court cannot override my deportation order." *See Pet. Reply* (Docket No. 17) at 1–3. Again, this argument is not supported by the record. Even assuming that the documents attached by Mederos to his memorandum are properly considered by this court, and represent orders of the Immigration Court, Judge Shapiro made it clear that INS would not take Mederos into custody until after he was released from federal or state custody. *See Exs. to Pet. Reply* (Docket No. 17–2) at p. 13 of 31. Judge Shapiro's "orders" cannot be read either to preclude the Commonwealth from keeping Mederos in custody pursuant to a legitimate state court order, or as ordering that Mederos be released to the custody of INS for deportation. There simply is no evidence that the state court was "overriding" the deportation order.

Finally, Mederos argues that the Commonwealth violated the Supreme Court decision in *Clark v. Martinez*, 543 U.S. 371, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005), by not deporting him. *See Pet. Reply* (Docket No. 17) at 3. Without engaging in an extended analysis of that decision, suffice it to say that in *Clark* the Supreme Court held, with exceptions not relevant here, that aliens whose removal orders have become final cannot be held in INS custody for more than six months before they are either removed to another country or released. *Id.* at 385–86, 125 S.Ct. at 726–27. *Clark*, however, addresses the detention of aliens in INS custody; nothing in the decision compels the INS to place aliens into INS custody before their period of state incarceration has been completed. The holding in *Clark* does not assist Mederos as it is inapplicable to his situation.

The Minnesota court addressed the situation presented here in the case of *In the Matter of the Civil Commitment of Richards*, 738 N.W.2d 397 (Minn.App.2007). There Richards "challenge[d] his civil commitment as a sexually dangerous person . . ., arguing that the fact that he is subject to a federal deportation order both deprives the state court of jurisdiction and makes him an 'improper candidate' for civil commitment." *Id.* at 398. The Minnesota court rejected these arguments, and concluded that a "federal deportation order does not deprive the district court of jurisdiction to civilly commit" the defendant as an SDP, and the fact that the defendant "may be deported by the Department of Immigration and Homeland Security in the future does not make him an *improper* candidate for civil commitment." *Id.* at 400. The same decision reached by the Massachusetts Appeals Court in Mederos' case was proper. The Respondents' motion to dismiss Mederos' habeas petition should be allowed.

## IV. CONCLUSION

For all of the reasons detailed above, this court recommends that the Respondent's Motion to Dismiss (Docket No. 8) be ALLOWED subject to the District Judge's decision regarding the Petitioner's Request for a Scheduling Order.[2]

---

**2.** The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report

and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604–605 (1st Cir.1980); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn,* 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir. 1998).